1   James D. Kilroy (*Pro Hac Vice*)
       D. Neal Tomlinson, NV Bar No. 6851
2   Paul S. Prior, NV Bar No. 9324
       SNELL & WILMER L.L.P.
3   3883 Howard Hughes Parkway, Suite 1100
       Las Vegas, NV  89169
4   Telephone (702) 784-5200
       Facsimile (702) 784-5252
5

6   *Attorneys for Plaintiff/Counter-Defendant Pacific*
       *Coast Steel; and Third Party Defendants Eric Benson*
       *and David Perkins*
7

8   Mark A. Hutchison NV Bar No. 4639
       Kumen L. Taylor NV Bar No. 10244
9   Todd W. Prall NV Bar No. 9154
       HUTCHISON & STEFFEN, LLC
10   Peccole Prefessional Park
      10080 West Alta Drive, Suite 200
11   Las Vegas, Nevada 89145
      Telephone: (702) 385-2500
12   Facsimile: (702) 385-2086

13   *Attorneys for Defendants Todd Lee Leany;*
      *Century Steel, Inc.; Calico Construction Supply*
14   *LLC; Century Steel Holdings, Inc.; Century*
      *Properties Henderson 18 LLC; Century Steel, Inc*

15   MORRIS PETERSON
      Steve Morris, NV Bar No. 1543
16   Ryan M. Lower, NV Bar No. 9108
      900 Bank of America Plaza
17   300 South Fourth Street
      Las Vegas, NV 89101
18   Telephone: (702) 474-9400
      Facsimile: (702) 474-9422
19

20   *Attorneys for Defendants Lynn M.*
      *Leany, an individual and as Trustee of the Lynn M.*
21   *Leany Family Trust*

22   Matthew L. Johnson NV Bar No.6004
      Russell G. Gubler  NV Bar No. 10889
23   MATTHEW L JOHNSON & ASSOCIATES, P.C.
      Lakes Business Park
24   8831 West Sahara
      Las Vegas, Nevada 89117
25   Telephone: (702) 471-0065
      Facsimile: (702) 471-0075

26   *Attorneys for Defendant Tamara Mae L. Hunt*

27   / / /

28   / / /

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PACIFIC COAST STEEL, a Delaware
general partnership, and SAN DIEGO
STEEL HOLDINGS GROUP, INC., a
California corporation,

               Plaintiffs,

vs.

TODD LEE LEANY, an individual resident
of Nevada, both individually and as Trustee
of the Todd Lee Leany Irrevocable Trust,
TAMRA MAE L. HUNT, an individual
resident of Nevada, both individually and as
Trustee of the Tamra Mae L. Hunt
Irrevocable Trust, LYNN M. LEANY, an
individual resident of Nevada, both
individually and as Trustee of the Lynn M.
Leany Family Trust, CENTURY STEEL,
INC., a Nevada Corporation, CALICO
CONSTRUCTION SUPPLY LLC, a Nevada
limited liability company, CENTURY
STEEL HOLDINGS, INC, a Nevada
corporation, CENTURY PROPERTIES
HENDERSON 18 LLC, a Nevada limited
liability company, CENTURY STEEL, INC.,
a Utah corporation.

               Defendants.

_____

AND   RELATED   COUNTER-CLAIMS
AND THIRD PARTY COMPLAINT

Case No. 2:09-cv-02190-KJD-PAL

**STIPULATED PROTECTIVE ORDER**

      This matter comes before the Court upon the parties' agreement for Protective Order.

      WHEREAS, the parties anticipate that they will produce documents or provide information in the course of this action that contain certain personal, confidential business, financial or commercial information, trade secrets, or competitively sensitive information ("Confidential Information");

      WHEREAS, it is the desire of the parties to protect all information produced or provided in this case, including all Confidential Information;

/ / /

/ / /

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Stipulated Protective Order limiting the disclosure of certain information produced or otherwise discovered. The parties (and other individuals and entities as stated herein) are hereby bound by the restrictions of this Order limiting the use of such information as provided;

IT IS HEREBY STIPULATED, by and between Plaintiffs/Counter-Defendants Pacific Coast Steel and San Diego Steel Holdings Group, Inc. and Third Party Defendants Eric Benson and David Perkins (hereinafter "Plaintiffs"); and Defendants/Counter-claimant/Cross-claimants Todd Lee Leany, Century Steel, Inc. (Nevada), Calico Construction Supply, LLC, Century Steel Holdings, Inc., Century Properties Henderson 18, LLC and Century Steel, Inc. (Utah), Tamra Mae L. Hunt and Lynn M. Leany (hereinafter "Defendants") agree that this Stipulated Protective Order ("Protective Order") is necessary and appropriate to protect information produced or provided in this action.

1.     Any information, document, or thing produced or created in connection with this litigation that is reasonably believed by a Producing Party to contain proprietary information, trade secrets, confidential research, or other commercially sensitive material, the disclosure of which would tend to cause substantial harm to the Producing Party's legitimate business or privacy interests, or the privacy interests of the Producing Party's employees or customers, may be designated as "Confidential Material." As used herein, Confidential Material may include: (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), disks, diskettes, and other tangible things produced by or obtained from a Producing Party; (b) deposition testimony in this action, including transcripts or portions of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, depositions or things. The designation of Confidential Material shall be made in good faith, and no Producing Party shall designate material as Confidential Material without a reasonable and good faith belief that such designation is appropriate.

/ / /

/ / /

As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses, or testimony in connection with this litigation, regardless of whether the Producing Party is a Party to this action.

2. Designation of Confidential Material may be made by stamping or otherwise marking the material as follows: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in Pacific Coast Steel et al. v. Todd Lee Leany et al. Civil Action Number 2:09-cv-02190-KJD-PAL, United States District Court for the District of Nevada."

3. If a Producing Party inadvertently fails to stamp certain documents upon their production, it may, within 30 days, designate such documents as Confidential Material. In that case, at the request and expense of the Producing Party, and upon receipt of the new documents subsequently designated as Confidential Material, the Receiving Party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the Producing Party. The Receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.

4. The designation of any document or information as "Confidential Material" pursuant to the terms of this Order shall constitute the verification of counsel for the Producing Party that the documents have been reviewed for compliance with the criteria of this Order and that the designation "Confidential Material" is, in the good faith judgment of counsel, consistent with the terms of this Order.

5. Confidential Material and information derived from Confidential Material shall be used only as reasonably necessary for preparation and trial of this action, including any appeal or retrial, and shall not be used for any other purpose, including, without limitation, any other litigation or proceeding or any business, competitive, or governmental purpose or function. Confidential Material and information derived from Confidential Material shall not be disclosed except as set forth in Paragraph 6.

/ / /

/ / /

/ / /

The designation of documents and information as Confidential Material will not be affected or compromised by any disclosure made pursuant to Paragraph 6, and either party may designate those portions of any transcript that concern or relate to Confidential Material or information derived from Confidential Material as confidential under the terms of this Protective Order.

6.     Confidential Material may be disclosed only to the following persons:

(a)     Outside counsel of record for any Party, including partners, associates, members and shareholders of such outside counsel;

(b)     Paralegal, stenographic, clerical, technology support, and secretarial personnel employed or retained by counsel described in (a);

(c)     Any Party hereto and any of Party's officers, directors, members, trustees, partners, or in-house legal personnel;

(d)     Percipient witnesses who are former employees, officers, partners or directors of a Party;

(e)     Witnesses called to testify at deposition or trial;

(f)     Court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

(g)     Any third-party consultant (including without limitation any imaging or other litigation support vendor) or expert retained in connection with this action; and

(h)     Such other persons as hereafter may be designated by written stipulation of all parties filed in this action or by further order of the Court on motion by any party to this action.

7.     Each individual, other than those identified in Paragraphs 6(a), (b), (c), and (f) above, to whom Confidential Material is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. Such person also must consent to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to

contempt of court.  The certificate shall be of the form set forth in Exhibit A hereto.  Counsel making disclosure to any person as described herein above shall retain the original executed copy of said certificate until final termination of this litigation, including any appeal or retrial.

8.      The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.  However, a confidentiality designation shall not be included on any document presented for admission at trial.

9.      Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use or disclose his, her, or its Confidential Material in any manner whatsoever.

10.      The foregoing is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any Confidential Material, or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential Material beyond the terms of this Order, or to abolish this order, at any time.

11.      Any document or thing filed with the Court for any purpose that reveals any Highly Confidential Material shall be filed under seal and kept under seal until further ordered by the Court.  Where possible, only confidential or otherwise protected portions of filings with the Court shall be filed under seal.  Consistent with the procedure set forth in Federal Rule of Civil Procedure 26(c)(8), a Party desiring to file any Highly Confidential Material shall deliver one copy of the document or thing containing the Highly Confidential Material to the Clerk's Office in a sealed envelope, accompanied by a cover sheet that includes:  the caption of the case, including the case number; the title "Restricted Document"; a statement indicating that the document is filed as restricted in accordance with an Order of court and the date of the Order; and the signature, name, address, and e-mail address of the attorney of record filing the document and the title of the document.  Marked on the outside of each sealed envelope shall be the style and case number of the action, identification of the document or thing within, and a statement substantially in the following form:

CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE].  TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT.

Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto.

12.     Any "Confidential Material" designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless the Producing Party that produced the material or obtained the "Confidential Material" designation for material produced by others obtains an appropriate protective order from this Court or the appellate court. The Producing Party must be given notice and sufficient opportunity to seek such a protective order.  However, in the event that either party intends to use "Confidential Material" for purposes of impeachment or rebuttal, that party shall show such material to the Producing Party before using that material in open court.  In any case, as noted in paragraph 8 above, a confidential designation shall not be included on any document presented for admission at trial.

13.     (a)     If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such material may be present.  Counsel for any party may exclude from the room during a deposition or other proceeding which is subject to the Court's order, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Material.  Confidential Material shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms of this Order by executing the Agreement set forth in Exhibit A hereof.  However, when the witness testifying is employed by one of the parties, officers of that party or any party, whether corporate or individual, may be present at the deposition without violating the provisions of this Paragraph.  Furthermore, the witness shall not be restricted by this Order from using Confidential Material of the party constituting his employer even if such Confidential Material of the party constituting his employer is disclosed to him during his deposition.  The Court shall

1   determine who, if anyone, shall be excluded from the room during hearings, trials, and other

2   proceedings whenever the witness is being asked a question that counsel for either party deems

3   calls for the disclosure of information or documents which relates to his or her client and which

4   should be treated as Confidential Material under this Order.

5           (b)     All transcripts of depositions and exhibits thereto, shall, in their entirety, be treated

6   as Confidential Material for a period of 45 days after such transcripts are actually received by

7   counsel for each of the parties, unless otherwise agreed to by the parties on the record.  During

8   that 45-day period, deposition transcripts, and exhibits thereto, may be designated as Confidential

9   Material pursuant to the terms of this Order by notifying all counsel in this case and counsel for

10  the Producing Party in writing.  Any party or deponent may also designate specific testimony or

11  transcript pages as Confidential Material by notice on the record at the deposition.  The portions

12  of the transcripts of all testimony designated as Confidential Material shall be separately bound

13  by the reporter in booklets bearing the appropriate designation.  If any document or information

14  designated as Confidential Material pursuant to this Order is used during the course of a

15  deposition herein, that portion of the deposition record reflecting such material shall be stamped

16  with the appropriate designation and access thereto shall be limited pursuant to the terms of this

17  Order.

18          14.     Should any Party to whom Confidential Material is disclosed object to the

19  classification of such materials, the parties shall meet and confer in good faith in an effort to

20  resolve the dispute.  In the event the objection cannot be resolved informally, then the Party

21  asserting confidential status may, after allowing their opponent a reasonable time to respond,

22  apply to the Court for an order determining that the materials were properly designated.  The

23  burden shall be on the designating Party to prove that the materials are deserving of the

24  confidential classification.  Until the Court rules to the contrary, all materials designated as

25  Confidential Material shall be treated as prescribed in this Order.

26          15.     Notwithstanding the foregoing provisions of this order, any interested member of

27  the public may challenge any designation of confidentiality pursuant to this Order by filing an

28  appropriate motion with this Court.

16.     If any Party or person that has obtained Confidential Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall within five (5) business days notify counsel for the Producing Party or the party that designated the information or documents as Confidential Material of the service of the subpoena.  The Party or person receiving the subpoena shall not produce any Confidential Material in response to the subpoena without either the prior written consent of the Party or person that designated the information or documents as Confidential Material or an order of a court of competent jurisdiction.  However, the Party or person that designated the information or documents as Confidential Material in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this Paragraph.

17.     The provisions of this Order shall not terminate at the conclusion of this action. Within 90 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents or copies of documents designated as Confidential Material and received under the provisions of this Order shall either be returned to the Producing Party or person or be destroyed.  Documents containing or describing Confidential Material other than attorney work product, trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to Paragraph 7 hereto, and copies of any pleading or paper filed on record with the Court shall either be returned to the Producing Party or person or be destroyed; *provided, however,* that attorney work product or other privileged documents need not be returned or destroyed, but instead shall be kept privileged and/or confidential by the attorney retaining such work product and/or asserting the privilege.  All parties or persons that received Confidential Material must certify in writing compliance with this section upon request by the Producing Party.

18.     In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek remedies pursuant to applicable federal or Nevada law.

19.     All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

20.    Nothing in this Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at any hearing or trial in this action.  Upon request, the parties shall meet and confer regarding the treatment of Confidential Material at any hearing or trial.  In the event the parties cannot agree on an appropriate form of proposed order, the treatment of Confidential Material, if any, shall be governed by the Pretrial Order or other orders concerning the conduct of the trial.

21.    The terms "Party" and "Parties" as used in this Order refer to the current parties to this action as well as any parties who may later be added to or join this action.  The terms of this Order shall apply automatically to any such later added or joined parties.

22.    Confidential Material shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Confidential Material are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped as appropriate pursuant to Paragraph 2 above.

23.    The provisions of this Order may be modified only by agreement of the Parties or order of the Court.  Any party or third-party is free to request such modification.

24.    All documents produced by, or discovery responses of, any Producing Party in this action, as well as all deposition testimony in these proceedings, including without limitation, all Confidential Material shall be used solely in connection with, and only as necessary to, this litigation, and the preparation and trial of this litigation, or any appellate proceeding arising from this proceeding, and not for any other purpose, including, without limitation, any other litigation, action, or proceeding or any business, competitive, or governmental purpose or function.

/ / /

/ / /

/ / /

/ / /

/ / /

1    25.    All persons identified in Paragraph 6 of this Order may access any Confidential

2    Material without further order of the Court.  At the conclusion of the case, any such persons to

3    who Confidential Material have been disclosed are to dispose of such Confidential Material

4    subject to Paragraph 17 of this Order.

5    IT IS SO ORDERED this 13th day of October, 2010.

6

7                                    By: _____
                                         Honorable Peggy A. Leen,
8                                        United States Magistrate Judge

9    **CONSENTED TO:**

     **DATED** this _4_ rd day of August, 2010.
10

11   HUTCHISON & STEFFEN, LLC            SNELL & WILMER L.L.P.

12   By: /s/ Todd W. Prall               By: _____
         Mark A. Hutchison, Esq.             Kelly A. Evans, NV Bar No. 7691
13       Kumen L. Taylor, Esq.               D. Neal Tomlinson, NV Bar No. 6851
         Todd W. Prall, Esq.                 Paul S. Prior, NV Bar No. 9324
14       10080 West Alta Drive, Ste. 200     3883 Howard Hughes Parkway, Ste 1100
         Las Vegas, NV 89145                 Las Vegas, NV  89169
15

16   *Attorneys for Defendants Todd Lee Leany,   Attorneys for Plaintiff/Counter-Defendant Pacific*
     *Century Steel, Inc. (Nevada), Calico        Coast Steel; and*
17   *Construction Supply, LLC, Century Steel     Third Party Defendants Eric Benson and David*
     *Holdings, Inc., Century Properties          Perkins*
     *Henderson 18, LLC and Century Steel, Inc.*
18   *(Utah)*

19

20   MATTHEW L. JOHNSON &               MORRIS PETERSON
     ASSOCIATES
21

22   By: /s/ Matthew L. Johnson          By: /s/ Ryan M. Lower
         Matthew L. Johnson, Esq.            Steve Morris, Esq.
23       Russell G. Gubler, Esq.             Ryan M. Lower, Esq.
         Lakes Business Park                 900 Bank of America Plaza
24       8831 West Sahara                    300 South Fourth Street
         Las Vegas, NV 89117                 Las Vegas, NV 89101
25

26   *Attorneys for Defendant Tamra Mae L.    Attorneys for Defendants Lynn M. Leany, an*
     *Hunt, an individual and as Trustee of the  individual and as Trustee of the Lynn M. Leany*
     *Tamra Mae L. Hunt Irrevocable Trust       Family Trust*
27

28

                                       - 11 -

**<u>EXHIBIT A</u>**

**AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

**REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in Pacific Coast Steel et al. v. Todd Lee Leany et al. Civil Action Number 2:09-cv-02190-KJD-PAL, United States District Court for the District of Nevada; that I understand the provisions in the Order prohibiting the disclosure, exploitation, or use of Confidential Material or other discovery or deposition testimony for any purpose or in any manner not connected with the prosecution or defense of that matter; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the Court in which that matter is pending, and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of court, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____          _____
Date                                             Name (printed & signature)

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of foregoing **STIPULATED PROTECTIVE ORDER** by the method indicated:

XXXXXXX           by Court's CM/ECF Program

_____           by U. S. Mail

_____           by Facsimile Transmission

_____           by Overnight Mail

_____           by Federal Express

_____           by Electronic Service

_____           by Hand Delivery

and addressed to the following:

Mark A. Hutchison, Esq.
Kumen L. Taylor, Esq.
John H. Gutke, Esq.
HUTCHISON & STEFFEN, LLC
10080 West Alta Drive, Ste. 200
Las Vegas, NV 89145

*Attorneys for Defendants Todd Lee Leany,*
*Century Steel, Inc. (Nevada), Calico*
*Construction Supply, LLC, Century Steel*
*Holdings, Inc., Century Properties Henderson*
*18, LLC and Century Steel, Inc. (Utah)*

Steve Morris, Esq.
Ryan M. Lower, Esq.
MORRIS PETERSON
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

*Attorneys for Defendants Lynn M. Leany, an*
*individual and as Trustee of the Lynn M. Leany*
*Family Trust*

Matthew L. Johnson, Esq.
Russell G. Gubler, Esq.
MATTHEW L. JOHNSON & ASSOCIATES
Lakes Business Park
8831 West Sahara
Las Vegas, NV 89117

*Attorneys for Defendant*
*Tamra Mae L. Hunt*

DATED this 4th day of August, 2010

_____
An Employee of Snell & Wilmer

11348120.2