UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PACIFIC COAST STEEL, *et al.*,

          Plaintiffs,

vs.

TODD LEE LEANY, *et al.*,

          Defendants.

Case No. 2:09-cv-02190-KJD-PAL

**ORDER**

(Mot Compel Answers and Requests- Dkt. #175)

Before the court is Defendants' Motion to Compel Answers to Interrogatories and Requests for Production of Documents from Third-Party Defendant David Perkins (Dkt. #175) filed November 2, 2010. The court has considered the Motion, Plaintiffs' Opposition (Dkt. #195), and Defendants' Reply (Dkt. #197).

**I.**     **Defendants' Motion (Dkt. #175)**

**Interrogatory No. 2** requests that Perkins identify any ownership or management interest he has. Perkins objects that the interrogatory is irrelevant, overly burdensome because it is: (a) not related to any of the claims in this litigation; and (b) not temporally limited. Perkins is willing to discuss providing a response to a more limited version of this interrogatory.

Defendants assert that this request is relevant and specific. The request is relevant because Plaintiffs' expert will testify concerning conflicts of interest, specifically regarding Todd Leany. Rebutting this testimony will require looking into the actions of other PCS officers, including Perkins. Defendants assert this question is limited in time because it seeks current ownership interest, and although this lawsuit involves events in the past, Perkins is still an employee of PCS, and his current actions are relevant to place potential conflicts of interest related to his employment in context. Defendants offered to narrow this interrogatory to interests from 2006 to the present. This offer was

neither accepted nor rejected.

**Interrogatory No. 3** requests Perkins identify any purchase of stock in SDSHG and provide details about that purchase. Perkins objects on the ground that this interrogatory is irrelevant, overly broad, and unduly burdensome. Perkins also objects that the term "buy out" is vague and undefined. It also contains no temporal limitation. Furthermore, it invades his privacy rights because it seeks confidential information. He then describes a November 11, 2009, buy out of Defendant Todd Lee Leany.

Defendants concede that Perkins responded sufficiently to the buy out portion of the interrogatory but has not answered the remainder of the request. The valuation of SDSHG shares is in controversy in this litigation and is critical to the determination of damages.

**RPD No. 2** requests Perkins produce all documents concerning any communication between him and another party to this litigation. Perkins objects that this RPD is overly broad because it is not limited in time or scope, and it is vague because it does not specify what types of communication are sought. Perkins also believes it violates the attorney-client privilege and work product doctrine. Additionally, it violates his privacy rights because it seeks confidential information. He asserts that he has already provided responses to this request and indicates he is still looking and reserves the right to change or supplement his response. Without waiving these objections, Perking directed counsel to a series of Bates-stamped documents.

**RPD No. 3** seeks all documents concerning communications between Perkins and any employee of PCS or SDSHG concerning enumerated topics. Perkins gave an identical response as to RPD No. 2.

Defendants contend Perkins' responses to these RPDs are not credible because, although the requests seek different materials, Perkins has given an identical response to both RPDs–namely directing counsel to a set of 30,000 pages. Defendants assert many of the documents are non-responsive and contends Perkins should be compelled to provide detailed responses for both requests that are responsive.

**RPD No. 4** seeks all documents concerning any ownership or management interest Perkins has. Perkins objects that the request is overly broad because it is not limited temporally and is vague as to "documents concerning any ownership or management interest." It also violates Perkins privacy rights

because it seeks confidential information.  It also seeks irrelevant evidence.

Defendants assert that this request is relevant and specific.  Defendants assert the request is relevant because Plaintiffs' expert will testify concerning conflicts of interest, specifically regarding Todd Leany.  Rebutting this testimony will require looking into the actions of other PCS officers, including Perkins.  Defendants assert this question is limited in time because it seeks current ownership interest, and although this lawsuit involves events in the past, Perkins is still an employee of PCS, and his current actions are relevant to place potential conflicts of interest related to his employment in context.  Defendants offered to narrow the scope of this RPD to ownership and management interest in the steel industry. This offer was neither accepted nor rejected.

**RPD No. 5** seeks all documents concerning non-compete agreements to which Perkins is a party.  Perkins objects on the ground that is overly broad because it contains no temporal limitation, seeks irrelevant information, and violates his privacy right because it seeks discovery of confidential information.

Defendants assert that this request is relevant and sufficiently narrow.  They reiterate their argument concerning RPD No. 4 and assert the non-compete agreements are relevant whether Perkins has similar conflicts of interest to those Plaintiffs allege against Leany.  Defendants offered to narrow the time frame for this request to agreements operative from 2006 to present.  Plaintiffs neither accepted nor rejected this offer.

## II.   Plaintiffs' Opposition (Dkt. #195)

Plaintiffs assert Perkins has timely and properly responded and provided detailed responses in his two full days of depositions.  Plaintiffs argue Defendants' Motion to Compel seeks duplicative information that was already provided to Defendants.  With regard to Interrogatory No. 3, Plaintiffs state that Perkins provided a substantive response regarding his ownership of SDSHG stock both in his written response to discovery to PCS and SDSHG, during his 30(b)(6) deposition, and during his deposition in his individual capacity.

With regard to Interrogatory No. 2 and RPD No. 4, Plaintiffs contend Perkins fully responded to Defendants' interrogatories regarding companies he has owned or managed during his deposition.  *See* p. 6 of Opposition for relevant responses from Perkins' deposition.

Regarding RPD No. 5, Perkins objects because there is no claim that he violated any of his non-compete agreements, and the request is overly broad because it is beyond the scope of this litigation. Notwithstanding the objection, Perkins testified at his deposition that the non-compete to which he is a party is a part of his partnership agreement with Gerdau Ameristeel. Plaintiffs assert this partnership agreement was provided to Defendants.

Finally, regarding RPD No. 2, Plaintiffs assert Perkins' responses are both sufficiently responsive and credible. Plaintiffs assert this request is nearly identical to RPD No. 4 submitted to Plaintiffs and to which they responded with all responsive documents and emails in searchable form. With regard to RPD No. 3, this request is nearly the same as RPD No. 5 submitted to Leany. Perkins responded by objecting, but he also responded substantively, directing Defendants to certain Bates-stamped documents. Plaintiffs assert that the documents Defendants have in their possession are searchable, and Defendants can search them for responsive documents as easily as Perkins can. Plaintiffs assert Defendants have responded to discovery requests in a similar manner, and they should not be permitted to allege it is improper now.

**III.     Defendants' Reply (Dkt. #197)**

Defendants argue Perkins is required to parse out his responses to RPDs No. 2 and 3 and cannot simply point to a universe of 30,000 documents. He must state specifically which documents are responsive to which request.

Defendants also contend that even if Perkins answered the discovery requests during the course of his deposition, he is still required to adequately respond to written discovery, even if it overlaps with information provided during his deposition. Additionally, Perkins' responses, specifically his response concerning any non-compete agreements to which he is a party, is not complete. He has not stated whether he is a party to any other non-compete agreements. Although Perkins testified concerning his ownership and management interests, he has not provided documents responsive to RPD No. 4.

Having reviewed the papers and pleadings,

///

///

///

1 **IT IS ORDERED** that Defendants' Motion to Compel Answers to Interrogatories and Requests for Production of Documents from Third-Party Defendant David Perkins (Dkt. #175) is **DENIED**

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge