# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PACIFIC COAST STEEL, *et al.,*

                      Plaintiffs,        Case No. 2:09-cv-02190-KJD-PAL

vs.                                              **ORDER**

TODD LEE LEANY, *et al.,*          (Mot Compel Answers and Requests- Dkt. #176)

                      Defendants.

Before the court is Defendant Todd Leany's Motion to Compel Answers to Interrogatories and Requests for Production of Documents from Third-Party Defendant Eric Benson (Dkt. #176) filed November 2, 2010. The court has considered the Motion, Plaintiffs' Opposition (Dkt. #194), and Defendants' Reply (Dkt. #196).

**I.    Defendant Todd Leany's Motion to Compel Answer and Requests (Dkt. #176)**

**Interrogatory No. 2** seeks information concerning Benson's ownership or management interests in any company. Benson responded that because the interrogatory seeks information that is unrelated to any of the injuries or incidents alleged against him personally, it is overly broad, unduly burdensome, and seeks irrelevant evidence. It also encompasses a time frame beyond the scope of this litigation. Benson also objects on the ground that the term "management interest" is vague and ambiguous, and that the interrogatory invades his privacy rights because it seeks confidential information. Benson is willing to respond to a more limited version of this interrogatory.

Defendants assert that this interrogatory is relevant and specific. Plaintiffs have brought claims against Todd Leany for breach of a non-compete and employment agreements related to alleged conflicts of interest. Defendants should be permitted to inquire whether Benson had similar conflicts. Additionally, this information is necessary to rebut Plaintiff's expert's opinion on conflicts of interest,

specifically as they relate to Todd Leany. Because Leany's alleged conflicts involve ownership and management interests in other companies, Benson's interest (and therefore conflicts) are relevant. Finally, the interrogatory asks about current ownership/management interests. Although this case concerns past events, Benson is still an employee of PCS, and his current actions are relevant to place potential conflicts of interest related to that employment in context.

**Interrogatory No. 3** seeks information concerning stock purchases from any stockholder of SDSHG in which Benson was involved. Benson objects to the Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant discovery. It seeks information that is beyond the time frame encompassed by this litigation, and it invades Benson's privacy rights because it seeks confidential information. The term "buy out" is vague and ambiguous. Notwithstanding these objections, Benson responds that the only buy out of SDSHG stockholders was the buy out of Defendant Todd Leany on November 11, 2009, and that event was a repurchase of Leany's shares when Leany was terminated.

Defendants concede that Benson has responded to the "buy out" portion of this interrogatory, and they assert the remainder is relevant because the valuation of SDSHG shares is in controversy in this litigation and is critical to the determination of damages.

**RPD No. 2** seeks documents concerning any communications between Benson and any other party to this lawsuit. Benson objects that the request is overly broad because it is not limited in time or scope and vague because it does not define what type of documents or communications are sought. It also violates the attorney-client privilege and the work product doctrine, and it invades Benson's privacy rights because it seeks confidential information. Nonetheless, Benson responds that Defendants are already in possession of these documents, and he directs them to a series of Bates-stamped documents, noting that he reserves the right to change or supplement this response.

**RPD No. 3** seeks documents concerning communications between Benson and any employee of PCS or SDSHG concerning various matters. Benson replied that his response was the same as for RPD No. 2.

Defendants assert that Benson's responses to RPD Nos. 2 and 3 are not credible because although the requests ask for different material, Benson has responded to both identically, directing

Defendants to approximately 20,000 pages of materials. Many of the materials in these 20,000 are not responsive to either RPD No. 2 or 3. Defendants urge the court to compel Benson to provide detailed responses for both requests that are responsive.

**RPD No. 4** seeks all documents concerning any ownership or management interest Benson has in any company. Benson objects that this RPD is overly broad because it concerns a time frame beyond the scope of this litigation, the term "documents concerning any ownership or management interest" is vague, and the request violates his privacy rights because it seeks confidential information. Benson also asserts the request seeks irrelevant information.

Defendants assert that this request is relevant and specific. Plaintiffs have brought claims against Todd Leany for breach of a non-compete and employment agreements related to alleged conflicts of interest. Defendants should be permitted to obtain documents showing whether Benson had similar conflicts. Additionally, these documents are necessary to rebut Plaintiff's expert's opinion on conflicts of interest, specifically as they relate to Todd Leany. Because Leany's alleged conflicts purportedly involve ownership and management interests in other companies, Benson's interest (and therefore conflicts) are relevant. Finally, the interrogatory asks about current ownership/management interests. Although this case concerns past events, Benson is still an employee of PCS, and his current actions are relevant to place potential conflicts of interest related to that employment in context.

**RPD No. 5** seeks all documents concerning non-compete agreements to which Benson is a party. Benson objects that the request is overly broad because it implicates a time period beyond the scope of this litigation, violates his privacy rights because it seeks confidential information, and seeks irrelevant information.

Defendants assert this request is relevant and sufficiently narrow. Defendants contend any non-compete to which Benson is a party is relevant to whether he had similar conflicts of interest to those alleged against Todd Leany. With regard to Benson's objection regarding time, Defendants offered to narrow the request to agreements operative from 2006 to present. Plaintiffs did not respond to this offer.

**II.     Plaintiffs' Opposition (Dkt. #194)**

Plaintiffs assert Benson has timely and properly responded and provided detailed responses in

1 his two full days of depositions. Plaintiffs argue Defendants' Motion to Compel seeks duplicative
2 information that was already provided to Defendants.
3       With regard to Interrogatory No. 3, Plaintiffs state that Benson provided a substantive response
4 regarding his ownership of SDSHG stock both in his written response to discovery to PCS and SDSHG
5 and during his deposition and his deposition in his individual capacity.
6       With regard to Interrogatory No. 2 and RPD No. 4, Plaintiffs contend Benson fully responded to
7 Defendants' interrogatories regarding companies he has owned or managed during his deposition. *See*
8 p. 6-7 of Opposition for relevant responses from Benson' deposition.
9       Regarding RPD No. 5, Benson asserts he testified concerning his non-compete agreement
10 during his two-day deposition. Plaintiffs assert the partnership agreement was provided to Defendants.
11       Finally, regarding RPD No. 2, Plaintiffs assert Benson's responses are both sufficiently
12 responsive and credible. Plaintiffs assert this request is nearly identical to RPD No. 4 submitted to
13 Plaintiffs and to which they responded with all responsive documents and emails in searchable form.
14 Similarly, with regard to RPD No. 3, this request is nearly the same as RPD No. 5 submitted to Leany.
15 Benson responded by objecting, but he also responded substantively, directing Defendants to certain
16 Bates-stamped documents. Plaintiffs assert that the documents Defendants have in their possession are
17 searchable, and Defendants can search them for responsive documents as easily as Benson can.
18 Plaintiffs assert Defendants have responded to discovery requests in a similar manner, and they should
19 not be permitted to allege it is improper now.

20 **III.**   **Defendants' Reply (Dkt. #196)**

21       Defendants argue Benson is required to parse out his responses to RPDs No. 2 and 3 and cannot
22 simply point to a universe of 30,000 documents. He must state specifically which documents are
23 responsive to which request.
24       Defendants also contend that even if Benson answered the discovery requests during the course
25 of his deposition, he is still required to adequately respond to written discovery, even if it overlaps with
26 information provided during his deposition. Additionally, Benson's responses, specifically his response
27 concerning any non-compete agreements to which he is a party, is not complete. He has not stated
28 whether he is a party to any other non-compete agreements. Similarly, although Benson testified

concerning his ownership and management interests, he has not provided documents responsive to RPD No. 4.

Having reviewed the papers and pleadings,

**IT IS ORDERED** that Defendant Todd Leany's Motion to Compel Answers to Interrogatories and Requests for Production of Documents from Third-Party Defendant Eric Benson (Dkt. #176) is **DENIED.**

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge