# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC COAST STEEL, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:09-cv-02190-KJD-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TODD LEE LEANY, *et al.,* ) | (Mot to Compel - Dkt. #203) |
| ) | |
| Defendants. ) | |

Before the court is Plaintiffs' Motion to Compel Accountants' Responses (Dkt. #203), filed December 7, 2010. The court has considered the Motion, Defendants Todd Leany and the Century Entities' Opposition (Dkt. #207), Lynn Leany and the Lynn Leany Trust's Opposition (Dkt. #208), and Plaintiffs' Reply (Dkt. #212).

This is yet another motion to compel filed by Plaintiffs concerning tax and financial records. The undersigned required Defendants to disclose and produce financial and tax information responive to Plaintiffs' discovery requests in an Order (Dkt. #93) which the district judge affirmed in an Order (Dkt. #214) over the Defendants' objections. When the Defendants resisted disclosure of financial and tax information, and while the objections to the undersigned's order compelling the Defendants to produce financial and other tax information were pending, Plaintiffs' counsel served subpoenas *duces tecum* on Diane W. Clough ("Clough"), Hall & Associates CPA, Ltd., and Rich, Wightman & Co., CPAs LLC, Defendants' accountants. Although the Plaintiffs believe that discovery of the information subpoenaed would be determined by Judge Dawson's order either affirming or overruling or modifying the undersigned's order, this motion to compel was filed "out of an abundance of caution".

**I.      Plaintiffs' Motion to Compel (Dkt. #203)**

Plaintiffs subpoenaed documents concerning the Leany entities' tax work papers and tax returns.

The non-party accountants did not file objections or move to quash the subpoena. However, based upon the advice of opposing counsel, the Leany entities' accountants have refused to produce responsive documents, citing privacy issues and other "vague concerns."

On June 22, 2010, the court entered a protective order precluding Plaintiffs from using confidential documents obtained pursuant to subpoenas for any purpose outside this litigation. Defendants indicated in several of their responses that they would produce Plaintiffs' requested documents upon entry of the protective order. However, they did not do so, and the accountants were subpoened to obtain the discovery by other means.

Clough, Wightman, and Hall have not produced the tax work documents. Plaintiffs argue the material they seek is not burdensome, and that the subpoenas were only issued after the undersigned found that financial documents from 2006 to the present were relevant and discoverable at the hearing conducted June 22, 2010. *See* Minute Order, Dkt. #93. The Plaintiffs also argue is the materialthey seek is not protected by the accountant-client privilege. At the hearing held on June 22, 2010, the undersigned found that the accountant-client privilege was not as broad as the Defendants claimed, and that the accountants' assertion of the privilege was not proper basis to resist this discovery. Additionally, Plaintiffs argue Hall did not provided a privilege log, and has not indicated that it would comply with its obligations to produce a privilege log.

## II.     Defendants Todd Leany and the Century Entities' Opposition (Dkt. #207)

Defendants argue Plaintiffs motion failed to give notice to the parties to whom it was directed. Plaintiffs only served the motion on the parties to this case and not the subpoenaed third parties, and that the non parties have been deprived of the opportunity to demonstrate that the burden of complying with the subpoenas is undue. To date (as of the filing of the opposition at least), none of the subpoenaed entities were aware that the motion to compel then to respond had been filed..

Secondly, there is no statement from counsel indicating they made an effort to consult with the non parties who are subject to the subpoenas at issue. Accordingly, Plaintiffs have not complied with LR 26-7, and the motion should be denied.

Third, Defendants argue Plaintiffs' motion misconstrues the breadth of the court's prior orders. The court has never addressed the specific subpoenas at issue here and the question of whether the

information requested by the subpoenas at issue request material subject to the accountant-client privilege or whether the subpoenas place an undue burden on the subpoenaed non parties. The material requested by Plaintiff is protected by the accountant-client privilege, and contrary to Plaintiffs' assertion, Hall did provide a privilege log.

Finally, the Century Defendants reassert the arguments they made regarding the relevance and appropriateness of the information being sought by subpoena, including the scope of the corporate financial information sought from the corporate entities and the personal tax and financial information sought from Todd Leany.

### III.    Lynn Leany and the Lynn Leany Trust Opposition (Dkt. #208)

The Lynn Leany Defendants also assert that Plaintiffs have not served the motion on the subpoenaed parties and have not complied with LR 26-7, and the motion should be denied on these grounds.

These Defendants also argue that Plaintiffs' subpoenas to the accountants improperly seek privileged, confidential, and irrelevant documents. The documents Plaintiffs seek are subject to the accountant-client privilege, and the requests invade Leany's privacy rights. The only reason Plaintiffs are seeking this information is to conduct an improper judgment debtor exam.

### IV.    Plaintiffs' Reply in Support of Motion to Compel (Dkt. #212)

Plaintiffs reiterate that this matter was largely decided by the undersigned on June 22, 2010, when I held that the Plaintiffs had made a sufficient preliminary showing to support the finding that the requests to non party financial institutions for Mr. Leany's financial records were discoverable subject to a protective order precluding the parties from disclosing or using the records for any purpose unrelated to this litigation.

Plaintiffs assert that Defendants contention the motion was not served on the accountants is merely a ploy to dissuade the court from deciding this matter on the merits, but offer to serve the motion on the accountants if the court grants leave. Additionally, this procedural oversight should not prevent this court from deciding the issue on the merits. Denying the motion due to lack of notice would not resolve an issue that has been prevalent throughout the discovery process and will likely result in a similar motion at a later date. The connection between the Defendants and the accountants is

1   evident through the accountants written objection to the subpoenas, in which they assert that they will
2   not produce the documents because they are covered by the accountant-client privilege.

3   Plaintiffs assert they have met and conferred with the subpoenaed parties and defense counsel to
4   resolve the dispute prior to the motion to compel being filed.  Further, because it is Defendants who
5   oppose the requests, rather than the accountants, conferring with the accountants would have been
6   futile, as Plaintiffs' counsel would have simply been directed to defense counsel. Plaintiffs assert that
7   the accountants are certainly aware of this dispute, and because it is Defendants themselves who would
8   hold any applicable accountant-client privilege, conferring with Defendants on this issue was
9   reasonable.

10  Plaintiffs reiterate their arguments that the documents subpoenaed are not protected by the
11  account-client privilege.  Defendants have offered no specific proof indicating the requested
12  information comes within the protection of the privilege.  Plaintiffs assert that the privilege cannot
13  apply because the financial information was used by Defendants to perpetrate a fraud on Plaintiffs.

## DISCUSSION

15  The accountants who were subpoenaed to provide the tax records at issue in this motion did not
16  file a motion to quash the subpoenas duces tecum.  Non party Diane Clough filed a response to the
17  subpoena objecting that the information sought is protected by the accountant-client privilege under
18  NRS 49.185.  The objection was accompanied by a privileged document log which identified 1,218
19  documents. Wightman & Company also sent a letter to opposing counsel objecting to complying with
20  the subpoena on the grounds it would require disclosure of accountant-client communications.  The
21  letter indicated that the clients, through its counsel, had advised the CPA firm that the Defendants
22  would not waive the privilege.  Additionally, the letter indicated that "the copiousness of the documents
23  requested combined with the limited time given to identify documents related to twenty-one entities
24  covering a five-year period is unreasonable, and that the associated costs to the firm were unreasonable.

25  The motions to compel were not served on the non party entities on whom the subpoena *duces*
26  *tecum* were served.  Defendants are correct that a party seeking to compel a non-party to comply with
27  the subpoena must serve a motion to compel compliance with the subpoena on the person commanded
28  to produce documents.  Fed.R.Civ.P. 45(c)(2)(B).  Additionally, the court has compelled the Defendats

to produce financial and tax record the court has found relevant and discoverable within the meaning of Rule 26(b). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Accountants' Responses (Dkt. #203) is **DENIED**.

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge