1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                        **DISTRICT OF NEVADA**
6
7    PACIFIC COAST STEEL, *et al.,*              )
8                                    Plaintiffs,  )        Case No. 2:09-cv-02190-KJD-PAL
                                                  )
9    vs.                                          )              **ORDER**
                                                  )
10   TODD LEE LEANY, *et al.,*                    )        (Mot to Compel - Dkt. #227)
                                                  )
11                                   Defendants.  )
12   _____    )

13          Before the court is Defendants' Motion to Compel Kent McBeth's Deposition Testimony Based

14   on Improper Assertion of Privilege and for Order Finding that there is No Accountant-Client Privilege

15   that would Protect Pacific Coast Steel's Communications with Deloitte, L.P. (Dkt. #227), filed

16   February 25, 2011.  The court has considered the Motion, Plaintiffs' Response (Dkt. #232), and

17   Defendants' Reply (Dkt. #253).

18   **I.     Defendants' Motion to Compel (Dkt. #227)**

19          Defendants' motion seeks to compel the deposition of Kent McBeth, the Chief Financial Officer

20   of  PCS, and allow Defendants to continue McBeth's deposition at Plaintiffs' expense on matters that

21   Plaintiffs improperly asserted claims of accountant-client privilege during the first deposition, held on

22   September 23, 2010, in Las Vegas, Nevada.

23          Defendants note this same issue will arise in the deposition of a 30(b)(6) witness from Deloitte,

24   an auditor of PCS Defendants intend to depose, regarding issues arising during Deloitte's 2008 and

25   2009 audits of PCS.  As a result, the parties agreed to postpone the Deloitte deposition until a ruling on

26   the accountant-client privilege is obtained from the court.

27          Defendants assert there is no accountant-client privilege in California or Delaware, PCS's

28   principle place of business and the state in which PCS is incorporated, respectively.  Because the

Deloitte office that performed PCS's audits is located in Florida, and the accountants who performed the audit are licensed in Florida, Plaintiffs assert Florida law on accountant-client privilege applies. Defendants assert California law applies because all of PCS' officers and internal accounting department are located in California.  The only connection to Florida is that the Deloitte offices are located there, and this connection is insignificant because the accountant-client privilege, if it existed, belongs to the client.

After receiving the deposition subpoena, Deloitte objected, advising Defendants that it would object to any questions that would require disclosure of information or communications protected by the accountant-client privilege regarding Deloitte's audits of PCS in 2008 and 2009.

The parties met and conferred and cannot resolve the issue without court intervention.

Defendants request an order holding that there is no accountant-client privilege that protects PCS' communications with Deloitte during the 2008 and 2009 audits.  Defendants also ask the court to enter an order stating that the accountant-client privilege should not be raised, nor should PCS instruct the witness not to answer, with respect to communications between PCS and Deloitte relating to the audits during a future Rule 30(b)(6) deposition of Deloitte.

**II.     Plaintiffs' Response (Dkt. #232)**

During the September 23, 2010, deposition, counsel for Defendants instructed McBeth not to answer two questions, each of which involved a discussion McBeth had with Deloitte, PCS' outside accounting firm.  Additionally, Defendants have attempted to notice the deposition of a corporate representative of Deloitte for several months.  The deposition will take place in Florida, as the Deloitte representative resides there, and Deloitte is not a party to this litigation.  PCS has asked Deloitte to enforce any applicable accountant-client privilege.

Plaintiffs assert that Defendants are too late to reopen the deposition of McBeth because the discovery cut-off was months ago, and Defendants never raised the choice-of-law/privilege issues during the course of the deposition.  Plaintiffs contend that McBeth lives in San Diego, California, that it would be inconvenient for him to have his deposition reopened, and the probative value of his testimony on the two questions he was instructed not to answer is minimal and can be covered in the deposition of the Deloitte corporate representative.

2

Plaintiffs maintain Defendants' motion really concerns a deposition that has not been taken of a Deloitte witness.  Plaintiffs argue Defendants are really seeking an order determining the choice of law and accountant-client privilege issues that would apply to a Deloitte deposition in Florida, where Deloitte has offices.  Plaintiffs argue Deloitte should be permitted to participate in motion practice with regard to this issue, and ask that the court deny the motion without prejudice so that Defendants can raise the issue in a manner that allows Deloitte to participate, if the Defendants intend to use the ruling during the course of the Florida Deloitte deposition.

### III.      Defendants' Reply (Dkt. #253)

Defendants claim they raised the issue of the unanswered questions at McBeth's deposition in November 2010 and informed Plaintiffs they would file this motion if the parties could not reach an agreement regarding application of the accountant-client privilege during the Deloitte deposition. Because there is no legal basis to assert the accountant-client privilege, the court should grant the motion to compel McBeth to answer "the lines of questioning that PCS objected to during his deposition."  The court should also find that communications between PCS and Deloitte during the PCS audits for the years ending December 31, 2008, and December 31, 2009, are not protected by the accountant-client privilege.

Defendants dispute that they waited too long to move to compel further testimony from McBeth. Defendants also contend Deloitte's input is unnecessary because Deloitte's rights are not at issue.  If there is any applicable accountant-client privilege, it belongs to PCS, not Deloitte, and PCS' counsel should be required to assert it.  Defendants also represent that the parties reached an agreement that Defendants' position concerning the accountant-client privilege was accurate, but neither party could persuade Deloitte, who insisted on a waiver to go forward with the deposition.  PCS was not willing to waive any privilege that might exist.  Accordingly, Defendants are now seeking an order finding there is no accountant-client privilege applicable to communications between Deloitte and PCS, and this court should rule because PCS first raised the issue in this Nevada forum.

Defendants maintain that Plaintiffs have effectively conceded that California law applies to PCS' asserted privilege and that California recognizes no accountant-client privilege.  Defendants further contend that it is not "too late" to compel McBeth to answer questions because he was

3

improperly instructed not to answer.  Rule 37 does not contain any time limit for filing motions to compel.  Defendants also assert that it first raised the issue of whether communications between Deloitte and PCS were privileged in October 2010.

Finally, Deloitte need not be a party to this motion because any accountant-client privilege belongs to PCS, not Deloitte.

Defendants filed excerpts of Mr. McBeth's deposition under seal in support of this motion.  Mr. McBeth was instructed not to answer two questions on the basis of privilege.  Defendants' motion suggests that Defendants were precluded from asking a "line of questioning".  However, review of the excerpts of McBeth's deposition Defendants provided the court simply do not support this contention.  Defendants do not claim that they did not otherwise receive substantive responses to their questions, or that they did not otherwise have a full and complete opportunity to examine McBeth.  This motion was filed months after the discovery cutoff which has been extended many times.  Additionally, contrary to Defendants' arguments non party witnesses have the right to be heard.  Rule 45(c).

Under these circumstances, the court will deny Defendants' request to re-open Mr. McBeth's deposition to ask him two questions for which a privilege objection was made.  Similarly, the court declines to decide the issue of whether Deloitte may assert an account-client privilege, or require its client, PCS to execute a written waiver of the accountant-client privilege, before appearing for a Rule 30(b)(6) deposition that did not take place before the expiration of the discovery cutoff in this case.  While the parties may have agreed to postpone the deposition until the court decided this motion, the parties' agreement is not binding on this court.  LR 7-1(b) is explicit:

> No stipulations relating to proceedings before the court except those set forth in Fed.R.Civ.P. 29 shall be effective until approved by the court.  Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the court.

The discovery cutoff ran months before this motion was filed.  Courts enter discovery plans to bring cases to resolution in a reasonable period of time.  Although discovery has been contentious discovery has concluded, dispositive motions are before the district judge, and the court will not reopen discovery to allow the Rule 30(b)(6) deposition of a Deloitte witness.

Having reviewed and considered the matter, shown,

4

**IT IS ORDERED** that Defendants' Motion to Compel Kent McBeth's Deposition Testimony Based on Improper Assertion of Privilege and for Order Finding that there is No Accountant-Clien Privilege that would Protect Pacific Coast Steel's Communications with Deloitte, L.P. (Dkt. #227) is **DENIED.**

Dated this 29th day of September, 2011.


_____
Peggy A. Leen
United States Magistrate Judge

5