UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PACIFIC COAST STEEL, *et al.*,

                      Plaintiffs,          Case No. 2:09-cv-02190-KJD-PAL

vs.                                       **ORDER**

TODD LEE LEANY, *et al.*,         (Mot for Contempt and Enforce - Dkt. #255)

                      Defendants.

Before the court is Plaintiffs' Motion for Contempt and to Enforce Court's Order (Dkt. #255) filed March 31, 2011. The court has considered the Motion, Defendants' Opposition (Dkt. #257), and Plaintiffs' Reply (Dkt. #293).

**I.    Plaintiffs' Motion for Contempt and to Enforce Court's Order (Dkt. #255)**

On July 29, 2010, the court held a hearing regarding the parties' dispute concerning the format in which Plaintiffs should produce electronic records and who should bear the costs of converting discovery documents into a searchable format. The court resolved the dispute, ruling that the parties were to split the cost of converting the documents into a searchable format. Plaintiffs assert Defendants refuse to pay their share of the costs and request the court:

    1.    Issue an order to show cause why Defendants should not be held in contempt for their willful failure to comply with the court's orders;

    2.    Find Defendants in contempt;

    3.    Enter civil contempt sanctions, payable to the court, against Defendants to deter future similar conduct;

    4.    Order Defendants to pay their share of the electronic conversion costs; and

1       5.      Award Plaintiffs attorneys' fees incurred because of Defendants' failure to comply with
2               the July 29, 2010, order.

Plaintiffs produced two DVDs containing OCR (Optical Character Recognition) files that would convert the pdf files in Defendants' possession to a searchable format. On August 6, Defendants sent Plaintiffs emails stating they could not access the files. Plaintiffs made their IT personnel available to resolve the issues. Defendants confirmed the issue had been fixed.

On January 27, 2011, Plaintiffs sent Defendants an invoice and requested they pay their 50% of the conversion costs. Defendants did not respond. On February 24, 2011, Plaintiffs sent another request for payment. Defendants refused to pay, claiming the discs did not contain OCR pdf files, but were instead text files that were not useful to Defendants.

Plaintiffs assert Defendants have failed to comply with the court's Order to split the cost of converting the documents, and that the court should enter civil contempt sanctions against Defendants. Defendants should not be permitted to avoid payment by claiming the documents were "of no value," especially when Plaintiffs provided ample opportunity to resolve compatibility issues.

**II.     Defendants' Opposition (Dkt. #257)**

Defendants contend Plaintiffs' Motion is baseless because they have not produced the electronic data they represented would be provided, namely the documents previously produced in PDF/OCR/Summation format. Defendants are not required to pay until Plaintiffs produce what the court required.

Defendants concede Plaintiffs produced the PCSE documents which contained unsearchable pdf files. This production was supplemented twice, also with unsearchable pdf files. The DVDs provided in early August were entirely corrupt and unreadable. Defendants obtained copies of the discs that were not corrupt from another Defendant's counsel.

Defendants concede they did not mention the discs again for another seven months. When they tried to work with the discs, they never functioned properly, and the text files produced by Plaintiffs would not load into Summation. The discs did not contain pdf files with OCR embedded into the individual files; rather, they contained text files and Summation load files that were designed to link with the pdf image files. Defendants contend this is not what they expected to receive, nor was it what

1  the court ordered.  Plaintiffs replied that the documents were in the same file format Plaintiffs
2  possessed.
3         Defendants received Plaintiffs' January 2011 letter, but did not respond because it was just prior
4  to a scheduled mediation in this case, and Defendants were hopeful the case would resolve.  When
5  mediation failed, they responded to Plaintiffs' February letter and refused to pay the costs.  Plaintiffs
6  did not contact Defendants again before filing this motion.
7         After the motion was filed, counsel for the Century Defendants called Plaintiffs counsel and
8  advised they would pay half the costs if the problems with the discs could be resolved.  Plaintiffs
9  counsel informed him that it was too late, that Plaintiffs would do nothing further with the discs, and
10 Defendants were required to pay half of the costs.
11        Defendants began working with an outside vendor to resolve the issues with the discs, and in
12 April 2011, agreed to pay half the costs Plaintiffs incurred less the cost to remedy the issues with the
13 discs.
14        The Century Defendants argue they should not be held in civil contempt because Plaintiffs never
15 produced the electronic data they promised to produce.  The DVDs Plaintiffs produced did not have a
16 complete set of pdf image files, and the pdf files did not have the OCR embedded in them as
17 Defendants understood the would.  Even if the court finds this deficiency is sufficient, the text and
18 Summation load files had deficiencies and technical problems.  Defendants contend the invoices
19 Plaintiffs submitted were associated with work performed in May 2010–before the parties made mutual
20 commitments at the July 29, 2010 hearing.
21 **III.**    **Plaintiffs' Reply (Dkt. #293)**
22        Plaintiffs contend they produced exactly what the court ordered and what the Defendants
23 expected would be produced.  They also provided ample opportunity and resources to resolve any
24 compatibility issues and to ensure Defendants had the same search capabilities as Plaintiffs.
25 Defendants never brought any of the deficiencies to Plaintiffs' attention until seven months after the
26 discs were produced.
27        Plaintiffs also request costs associated with prosecuting this motion. Plaintiffs assert the court
28 directed them to provide a duplicate of what they had done to make the documents searchable, and they

did just that, which is why the invoice is dated May 2010.  Defendants' representations that they would be provided OCR-embedded pdf files is inconsistent with the parties' discussions and agreements and what was represented to the court at the hearing and the follow-up telephonic conference with the court.

Defendants have taken no reasonable steps to comply with the court's Order, and they should be found in civil contempt.  Plaintiffs, on the other hand, repeatedly offered their own IT professionals and other services to make sure Defendants had what they needed to make the files searchable.  It was only after Plaintiffs demanded payment that Defendants claimed there were any deficiencies with the discs.

## DISCUSSION

On July 29, 2010, the undersigned resolved what has proven to be a series of never-ending discovery disputes in this case.  The court will not summarize hours of work performed in this case more almost a year-and-a-half ago.  Suffice it to say, at the July 29, 2010 hearing, Defendants complained that electronic documents produced by the Plaintiffs were not searchable.  The court heard arguments from both sides and entered an order requiring the parties to split the costs of Plaintiffs reproduction of the documents to allow the Defendants to search them.  The court specifically inquired of Plaintiffs' counsel if there was any reason Plaintiffs should not be able to provide a duplicate of what had already been provided if Defendants reimbursed Plaintiffs for half the cost.  Mr. Kilroy responded "no, I don't think so."  The court then turned to counsel for Defendants, Mr. Hutchinson, and asked if he got a duplicate copy in Summation format, if there was any reason he would be unwilling to pay half of the cost.  Mr. Hutchinson responded, "No, your Honor.  We will pay half the cost of that."  The hearing transcript reflects there were then a number of requests for clarification of what each side and the court intended.  It was clear to the court that the parties needed to speak to their IT people to insure that both sides were talking about the same thing.  For this reason, the court directed counsel to communicate with their IT people and to report the status of their efforts to the court.  The court set the matter for a follow-up telephonic hearing to make sure that all sides were on the same page.  At the follow-up telephonic hearing, counsel for both sides advised the court that they had agreed on the production of the files.

Defendants' opposition to this motion is the first indication the court had that there was any question that what the court ordered at the July 29, 2010 hearing, was not provided, or that Defendants

were in any way dissatisfied with the duplicate production they received.  The court specifically set this matter for a follow-up conference to make sure counsel spoke with their IT people so that there were no problems in translating what each side expected the other side to do.  Both sides reported they had resolved the matter.   Many months later Defendants apparently take a different view. Defendants were ordered to share half the cost of the conversion that Plaintiffs undertook.  Counsel for Defendants agreed, on the record, to share half the cost.  Defendant did not bring any problem with the Plaintiffs' compliance to the court until after this motion was filed.

Having reviewed and considered the moving and responsive papers, and attached exhibits, the court will order Defendants to pay one-half of the cost of the electronic conversion Plaintiffs incurred, that is $9,058.05.  The court will also award Plaintiffs reasonable costs and attorneys fees incurred for the necessity of filing this motion because Defendants' refusal to pay its court-ordered obligation is unjustified.  Plaintiffs should not have been forced to incur the costs of filing this motion to enforce this court's order.  Although the court will deny Plaintiffs' request for an order to show cause and contempt proceedings at this time, the court will not hesitate to invoke its contempt powers if Defendants do not timely tender payment.

**IT IS ORDERED** that Plaintiffs' Motion for Contempt and to Enforce Court's Order (Dkt. #255) is **GRANTED in part** and **DENIED in part**.

1. The motion is **DENIED** to the extent Plaintiffs' request an order to show cause and contempt proceedings.
2. The motion is **GRANTED** to the extent that Defendants shall pay Plaintiffs the sum of $9,058.05 no later than fourteen days from entry of this order.  Defendants shall also pay Plaintiffs reasonable costs and attorneys fees for the necessity of filing this motion.
    A. Counsel for Plaintiffs shall, no later than 21 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the

experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

B. Counsel for Defendants shall have 14 days from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

C. Counsel for Plaintiffs shall have 11 days from service of the responsive memorandum in which to file a reply.

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge