UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PACIFIC COAST STEEL, *et al.*, | ) | |
| Plaintiffs, | ) ) | Case No. 2:09-cv-02190-KJD-PAL |
| vs. | ) ) | **ORDER** |
| TODD LEE LEANY, *et al.*, | ) ) | (Mot Strike - Dkt. #186) |
| Defendants. | ) ) | |

Before the court is Defendants' Emergency Motion to Strike Plaintiffs' Disclosure of Expert Witnesses Ken Wilcezk (Dkt. #186) filed November 12, 2010. The court has considered the Motion, Plaintiffs' Response (Dkt. #202), and Defendants' Reply (Dkt. #205).

**I.     Defendants' Emergency Motion to Strike(Dkt. #186)**

Defendants request the court strike Plaintiffs' disclosure of expert witness Ken Wilcezk pursuant to FRCP 26(a)(2)(B). Plaintiffs failed to provide a written report by Wilcezk, a list of his qualifications, his compensation, a list of his publications, and list of cases in which he testified. Defendants brought the motion on an emergency basis because they were required to disclose any rebuttal witness on or before November 22, 2010.

Plaintiffs' disclosure represents that Wilcezk was not retained or specifically employed to provide expert testimony in this case, but rather, to assist Plaintiffs with various computers and computer data. Plaintiffs reserved their right to call Wilcezk at trial regarding a scan he performed of the drive of the original Sierra Reinforcing computer he analyzed and concerning his findings that the drive had no data fragments, which indicated to Wilcezk that the drive had been wiped clean with a disk erase utility. Defendants believe that this necessarily implies Wilcezk is an expert retained for the purpose of providing expert testimony.

Defendants assert because the expert witness is not retained or specially employed means that he would not require payment of a fee for time spent responding to discovery other than the fee allowed deponents by law. They assert Wilcezk is an expert because he was consulted and reviewed materials for the sole purpose of this litigation and is likely receiving compensation from Plaintiffs for his services and opinions. Defendants analogize Wilcezk to a treating physician, who is attempting to testify based not upon personal knowledge from his treatment of the patient, but rather, upon information learned from outside sources, thus triggering the reporting requirements of Rule 26(a)(2)(B). *See Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997). It is clear, according to Defendants, based upon Wilcezk's proposed testimony, that he has no personal knowledge of Plaintiffs' computers, and because Wilcezk reviewed materials solely for the purpose of this litigation, he is a retained expert witness.

Defendants assert Plaintiffs' failure to provide an expert report is neither justified nor harmless, and failure to disclose information pursuant to Rule 26(a) should subject them to the sanction of exclusion of that evidence pursuant to Rule 37(c)(1).

Defendants request the court impose sanctions pursuant to Rule 37 by precluding Wilcezk from testifying and directing Plaintiffs pay Defendants' attorney fees and costs for bringing this motion. Alternatively, Defendants request the court order Plaintiffs to disclose Wilcezk's expert report and give Defendants an opportunity to review the opinions and designate an expert.

## II.     Plaintiffs' Response (Dkt. #202)

Plaintiffs hired Wilcezk to assist with information technology tasks including recovering and analyzing computer data from hard drives or copies provided by Defendants during discovery. Wilcezk was not originally retained to offer substantive testimony; Plaintiffs anticipated his testimony would be limited to authenticating evidence as being from a particular computer. Plaintiffs did not receive the computers from Defendants until after the discovery cut off and expert disclosure deadlines, and when Wilcezk began working on them he discovered that a Sierra computer appeared to have been wiped clean or otherwise tampered with, and PCS hard drives were encrypted or otherwise rendered inaccessible.

Plaintiffs assert Wilcezk is an expert under Rule 26(a)(2)(A) and not Rule 26(a)(2)(B). He was

not specially employed or retained to provide expert testimony; rather, he was initially retained to perform recovery services to obtain computer data Defendants have intentionally altered.  As a result, no expert report is required.  Rule 26(a)(2)(A), which applies to hybrid fact/expert witnesses, applies. He is a technological expert who will offer percipient testimony that relates to his expertise.  He was retained to provide recovery services of electronic data–not expert testimony.  No report is required as his testimony is only incidental to his employment providing recovery services.

Alternatively, if the court finds Wilcezk should have prepared a report, Plaintiffs assert they are substantially justified in not having done so because Wilcezk was not retained to offer expert testimony, and Defendants were the cause of any expanded role Wilcezk must now undertake.  Further, Defendants have not been harmed by the failure to provide an expert report because they knew the contents of the Sierra computer and the status of the computer.

### III.  Defendants' Reply (Dkt. #205)

Defendants assert Plaintiffs have known all along that Wilcezk would provide expert testimony, and they simply failed to comply with Rule 26(a)(2)(B)'s reporting requirements.  Defendants also note that Plaintiffs never disclosed Wilcezk as a fact witness, nor have they produced the Sierra computer they obtained from the bankruptcy court so that Defendants could examine it.  Defendants assert that Wilcezk is not an employee of Plaintiffs; at most, they contend he is an independent consultant, employed by another organization, who was retained by Plaintiffs for the sole purpose of this litigation.

Having reviewed the papers and pleadings, the court accepts the representations of counsel for Plaintiffs that Wilceczk was not retained or specially employed to provide expert testimony, but to provide data recovery services, specifically, to retrieve information and to potentially verify whether information came from the Sierra computer(s) and other encryption.  As such, he should be permitted to testify, with proper foundation, if he qualifies as a witness with specialized knowledge under Fed R. Evid. 702 without preparing and serving an expert report required by Rule 26(a)(2)(b).

///
///
///
///

**IT IS ORDERED** that Defendants' Emergency Motion to Strike Plaintiffs' Disclosure of Expert Witnesses Ken Wilcezk (Dkt. #186) is **DENIED.**

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge