1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6   PACIFIC COAST STEEL, et al.,          )
7                            Plaintiffs,  )        Case No. 2:09-cv-02190-KJD-PAL
                                          )
8   vs.                                   )              **ORDER**
                                          )        (Mtn to Supp - Dkt. #297)
9   TODD LEE LEANY, et al.,               )
                                          )
10                           Defendants.  )
    _____)
11
12          This matter is before the court on Plaintiffs' Motion to Supplement Initial Disclosures Pursuant
13   to Fed.R.Civ.P. 26(e) and LR 16-3 (Dkt. #297) filed May 27, 2011.  The court has considered the
14   Motion, Defendants' Response (Dkt. #314), Plaintiffs' Reply (Dkt. 324).
15          Plaintiffs acknowledge that this is a "unique motion" which was filed "out of an abundance of
16   caution".  The motion was filed because a new dispute has recently arisen between the parties.  They
17   assert that under the Asset Purchase Agreement at issue in this litigation, Defendants were obliged to
18   repurchase certain accounts receivable that Plaintiffs purchased from Defendants if those accounts
19   receivable remained uncollected, despite commercially reasonable collection efforts, as of April 1,
20   2011, at the earliest.  Plaintiffs tendered the uncollected accounts receivable in the amount of
21   $18,478,373.29 to Defendants for repurchase.  Defendants refused to accept this tender, creating this
22   new dispute.
23          Plaintiffs notified Defendants that this new dispute was subject to arbitration along with an
24   additional dispute concerning the profit shortfall provision of the APA, which also occurred after April
25   1, 2011.  Defendants have rejected demands to arbitrate.  As a result, Plaintiffs filed the instant motion
26   as well as a Motion to Enforce Certain Alternative Dispute Resolution Provision, or in the Alternative
27   to Supplement Pleadings under Fed.R.Civ.P. 15(d) (Dkt. #296), which is currently pending before the
28   district judge.

The Motion to Supplement requests leave to supplement Plaintiffs' initial disclosures in the event the district judge allows Plaintiffs to supplement the pleadings.  Plaintiffs have provided documents in their Eighth Supplemental Disclosures to Defendants related to the dispute concerning the uncollected accounts receivable as required by Fed.R.Civ.P. 26(e).  Plaintiffs assert they seek leave to serve the disclosures out of an abundance of caution and a concern that Defendants are attempting to avoid the uncollected accounts receivable dispute.

In response, Defendants assert that both the uncollected accounts receivable dispute and the profit shortfall dispute were explicitly alleged in Plaintiffs' original Complaint (Dkt. #1).  Defendants argue they have been asking for the documents supporting Plaintiffs' claims for damages since the beginning of this litigation, and Plaintiffs have been in possession of these documents throughout the discovery period.  Defendants contend they will suffer prejudice if Plaintiffs are permitted to make this late disclosure because they will have to conduct additional discovery and engage in additional motion practice concerning newly-disclosed documents that should have been provided to Defendants earlier.  Plaintiffs have provided no justification for their failure to provide these documents during discovery.

In reply, Plaintiffs assert the uncollected accounts receivable dispute and the profit shortfall dispute did not ripen until April 1, 2011, and they are new claims that could not have been asserted in the Complaint.  Plaintiff contends the two provisions in the APA at issue were "true up" provisions, purposely designed to come into play well after the APA closing.  Plaintiffs never referred to either of these disputes in the Complaint or in their discovery responses.  Plaintiffs seek to serve their Eighth Supplemental Disclosures not late, but early, specifically to give Defendants as much notice as possible to pursue additional investigation and discovery into these claims.

Plaintiff's motion to enforce arbitration, or in the alternative, to supplement the pleadings remains under submission to the district judge.  As Defendants clearly want the documents, the court will require Plaintiff to supplement their initial disclosures without prejudice to Defendants to request additional discovery on this subject if the district judge grants Plaintiffs leave to amend the Complaint.

Having reviewed and considered the matter,

/ / /

2

**IT IS ORDERED** that Plaintiffs' Motion to Supplement (Dkt. #297) is **GRANTED**. Plaintiffs shall supplement their initial disclosures within fourteen days of entry of this order.

Dated this 30th day of September, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE