**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PACIFIC COAST STEEL, *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:09-cv-02190-KJD-PAL |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| TODD LEE LEANY, *et al.*, | ) (Mot Compel - Dkt. #147) |
| Defendants. | ) |

The court has been conducting regular case management and dispute resolution conferences in this case, and has resolved a large number of the parties' discovery disputes on an ongoing basis without the necessity of formal briefing on the parties' Joint Status Reports. However, the parties have continued to file discovery motions when they believed extensive briefing was required. This dispute was taken under advisement because it involved discovery of financial information substantially similar to earlier disputes the court resolved in a hearing conducted June 22, 2010. The Defendants filed objections to the court's order which were resolved by the district judge in an Order (Dkt. #214) entered January 21, 2011. At the next regularly scheduled status and dispute resolution conference, the court asked counsel for the parties to identify any outstanding discovery motions requiring this court's decision in light of the district judge's order. Counsel submitted letters identifying various motions still requiring this court's consideration and stating their respective positions. Plaintiffs assert this court's prior Order (Dkt. #93), and the district judge's Order (Dkt. #214) effectively disposed of this motion, as the motion seeks to compel substantially similar financial and tax information from the Defendants. However, the Defendants persist in their objections to preserve their rights on appeal.

The court conducted a hearing on November 2, 2011, on Plaintiffs' Motion to Compel (Dkt. #147) filed October 6, 2010. Paul Prior and James Kilroy appeared on behalf of the Plaintiffs, and

Ryan Lower, Mark Hutchinson, and Matthew Johnson appeared on behalf of the Defendants.  The court

has considered the Motion, Defendant Tamra Mae Hunt's Opposition (Dkt. #163), Leany and Century

Defendants' Opposition (Dkt. #157), Lynn Leany and the Lynn Leany Trust's Opposition (Dkt. #158),

Plaintiffs' Reply (Dkt. #173), and arguments of counsel.

## I.      Plaintiffs' Motion to Compel (Dkt. #147)

Plaintiffs seek certain financial information from Defendants, including their tax returns, to

discover their potential interests in competing entities and improper movement of funds.  They also

seek evidence of the competing entities' customer lists and other similar information to determine

whether and to what extent those entities were in direct competition with Plaintiffs.  Plaintiffs have also

requested the joint defense and tolling agreements Defendants have entered into in this case.

Defendants have refused to provide the financial information, citing privacy issues and

objecting on the grounds of vagueness/overbreadth.  Defendant Tamra L. Hunt Irrevocable Trust has

responded to Plaintiffs' request by directing them generally to documents previously produced while at

the same time asserting that she is not aware of responsive documents.    Defendants have refused to

provide the joint defense and tolling agreements on the grounds that they are privileged.

Defendants have also provided inadequate privilege logs, or in the case of Defendant Lynn

Leany, no privilege log at all.

In some of their responses, Defendants indicated they would produce the requested documents

upon entry of a protective order (#119). The minutes from the hearing held November 2, 2010, state:

> Regarding Proposed Stipulation Re: Protective Order The Court will
> enter the Protective Order forthwith. Proposed Paragraph 11 will be
> STRICKEN from the Order and shall not be adopted, and Counsel are
> directed to comply with this District's Local Rules and related Special
> Order governing the practice of filing of sealed materials with the
> Court.

The Protective Order was entered on October 13, 2010, seven days after Plaintiffs filed their motion.

### A.      Financial Information

Todd Leany has not produced the following requested documents:

1.      Financial statements from 2006 to present (RPD No. 2)

2.      Federal tax documents from 2006 to present (RPD No. 3)

2

3.      All documents identifying payments, reimbursements, loans, benefits, or other revenue received from 2006 to present (RPD No. 9)

4.      All accounting records from 2006 to present (RPD No. 11)

5.      All documents concerning bank and brokerage account statements from 2006 to present (RPD No. 13)

6.      All banking records and bank accounts Leany has/had access to and signature authority for from 2006 to present (RPD No. 31).

The other Defendants have not produced documents responsive to the following RPDs:

1.      Todd Leany Trust: RPD Nos. 3, 11, 13, 18, 36

2.      Lynn Leany: RPD Nos. 2, 3, 13, 18, 36

3.      Lynn Leany Trust: RPD Nos. 2, 3, 11, 13, 18, 36

4.      Calico: RPD Nos. 3, 11, 13, 18, 36

5.      Century Properties: RPD Nos. 3, 11, 18, 36

6.      Century Steel Holdings: RPD Nos. 3, 18, 36

7.      Century Steel Inc., NV: RPD Nos. 3, 18, 36

8.      Century Steel Inc., UT: RPD Nos. 3, 11, 18, 36

Identical Requests for Production were served on all of the Defendants.

RPD No. 18 seeks documents referring to bank and/or brokerage account statements from 2006 to present.

RPD No. 36 seeks documents referring to bank records and bank accounts from 2006 to present.

Plaintiffs assert the information they seek is relevant. The movement of funds between the various Defendants is relevant to Plaintiffs' claims of self-dealing and improper financial transfers to divert funds from Plaintiffs. Plaintiffs contend that the financial information they seek is not privileged or otherwise protected from disclosure. The Nevada Supreme Court has held that Nevada does not recognize a claim of privilege for tax returns or necessarily require that liability for punitive damages be established before discovery of financial condition. *See Hetter v. Eighth Jud. Dist. Ct.*, 874 P.2d 762, 766 (Nev. 1994). Plaintiffs recognize that this court has routinely recognized the appropriateness of a protective order to shield financial information or tax returns from dissemination, and they assert

3

financial information and tax documents are discoverable so long as they are likely to contain relevant

evidence or lead to the discovery of admissible evidence.

Plaintiffs argue that any concern Defendants have about privacy or confidentiality are mooted by

the court's entry of the parties' proposed protective order (#119), and Defendants should be made to

respond to the requests enumerated above.  Additionally, several of the Defendants  indicated their

willingness to produce documents once a protective order is entered, and they should be required to

provide responses to the following:

        1.      Todd Leany: RPD No. 7

        2.      Lynn Leany Trust: RPD No. 7

        3.      Calico: RPD Nos. 5, 6

        5.      Century Properties: RPD No. 6

        6.      Century Steel Holdings: RPD No. 6

        7.      Century Steel Inc., NV: RPD No. 6

        8.      Century Steel Inc., UT: RPD No. 6

Plaintiffs assert that Todd Leany, Lynn Leany, and the Lynn Leany Trust have refused to

provide documents based on overbreadth, vagueness, and undue burden objections.  Plaintiffs

requested, but did not receive, supplementation with meaningful responses to the following:

        1.      Todd Leany: RPD 17, 18, 25-30, 37

        2.      Lynn Leany: RPD 11, 31-34

        3.      Lynn Leany Trust: RPD 31-34

Plaintiffs have attempted to discuss some appropriate narrowing of these requests with these

Defendants, but they have refused and have not produced anything at all in response.  Plaintiffs request

an order compelling them to respond, perhaps temporally limiting the requests to 2006 to the present.

**B.**    **Tolling and Joint Defense Agreements- RPD 43 and 44**

Defendants have refused to produce any tolling agreements, citing attorney-client privilege and

work product protection.  Plaintiffs assert these tolling agreements are not privileged, and they are

relevant because they are probative of fault and liability as between Defendants because a tolling

agreement is suggestive of one Defendants' belief that another is or may be at fault.  In other words,

they indicate the real possibility of claims between Defendants.  Plaintiffs assert that while Defendants may have a joint defense strategy, in the context of a tolling agreement, they are adversarial and cannot be protected by attorney-client privilege or the work product doctrine.

Through deposition testimony, Plaintiffs are aware of at least one tolling agreement between Tamra Hunt and Todd Leany, in which Leany may have agreed to indemnify Hunt or at least toll the statute of limitations of potential claims.

Joint defense agreements are generally not privileged.  They serve only to formalize the invocation of the joint defense or common interest.  Plaintiffs concede that if Defendants offer some basis upon which to conclude their joint defense agreement contains substantive legal advice that might render it privileged.  If so, the court should review it *in camera,* and if it does not contain legal advice, it should be produced.

### C.     Todd Leany's Responses to Plaintiffs' Third Request for Production

Plaintiffs assert that Todd Leany has failed to respond to certain RPDs based on untenable objections.  For example, RPD 190 asks for documents related to monetary loans made by Leany or any affiliated person or entity to any other person or entity from 2008 to present.  Defendants object that this RPD does not contain a temporal limitation when it explicitly does.  They also assert Leany's lending activity is relevant to this action because it will reveal his support of people or entities in competition with Plaintiffs.  Defendants production of seven pages of documents to this request is not a complete response.  Similarly, RPD 191 requests documents concerning income and compensation Leany received from April 2008 to present.  Leany's objection based on temporal overbreadth is not well-taken because April 2008 is at the "core" of this litigation.  Defendants' financial dealings are at the heart of this litigation and are wholly relevant.

Additionally, Leany's repeated claims of invasion of privacy (RPD 188-193, 196-199) are not a sufficient basis for refusal to produce.  Privacy concerns do not justify a party's refusal to produce documents where they are relevant to the litigation and are otherwise discoverable.  Therefore, loans Leany made to his competing entity, Sierra Reinforcing, and sources of Leany's income cannot be withheld due to privacy concerns.

/ / /

With regard to Leany's responses to RPDs 196-199, he claims not to possess documents in their native format. If he has responsive documents in non-native format, he should be required to produce them.

The court should compel Leany to respond to RPDs 188-199.

**D.      Tamra Mae L. Hunt Irrevocable Trust Responses**

Plaintiffs assert the Hunt Trust has responded to Plaintiffs' requests by directing them generally to documents previously produced while at the same time asserting that she is not aware of responsive documents. The Hunt Trust must indicate with specificity which documents they previously produced are responsive to a specific request <u>or</u> indicate that it is not in possession of such documents. Answering both ways is contradictory and improper. Additionally, Plaintiffs request the Hunt Trust supplement its responses to RPD 22 and 23 because those requests were not responded to at all.

**E.      Privilege Log Issues**

**1.      *Lynn Leany***

Lynn Leany and the Lynn Leany Family Trust have not produced a privilege log. One should have been provided because of the numerous redactions that occurred in the production set without an indication of the basis or purpose of the redactions. Plaintiffs request the unredacted documents be produced or that Lynn Leany and the Lynn Leany Trust be required to produce a privilege log that justifies each redaction.

**2.      *Todd Leany and the Century Entities***

Both provided a privilege log on May 13, 2010. Instead of describing the privileged documents in a manner that would allow Plaintiffs to assess the propriety of the privilege claimed, they have merely described the documents by their medium of transmission (*e.g*, email).

The privilege log also fails to identify the recipients of the documents over which a privilege is being asserted. For example, it refers to one recipient simply as "Joseph" without providing a last name or other identifying information to allow Plaintiffs to assess the propriety of the privilege claimed.

The privilege log also identifies various Century documents that were placed on the log because they contain proprietary or other confidential personal information. The log states that such documents

6

1   will be produced subject to the parties entering into a stipulated protective order.  That order (#119) was

2   submitted on August 4, 2010, but no documents were produced.

3       On August 26, 2010, Leany and the Century Defendants produced a second privilege log with

4   their fourth supplement to their initial disclosure statement.  This privilege log also contains

5   deficiencies.  For example, the third entry identifies the client on whose behalf the privilege is being

6   asserted as Tom Prince.  Plaintiffs assert it was explicitly represented to their counsel that Leany and

7   the Century Defendants' lawyers did not represent Tom Prince in any capacity.  Further, as with the

8   May 13, 2010, privilege log, the descriptions of the documents is lacking in specificity, and Plaintiffs

9   cannot analyze the claim of privilege.

10                          3.      *Tamra Mae Hunt*

11      On July 31, 2010, counsel for Ms. Hunt produced a privilege log.  The Hunt log fails to identify

12  the recipients of the documents, and Plaintiffs need that information to analyze the privilege claimed.

13  The log also fails to identify any recognized privilege, instead stating "Proprietary/Confidential" as the

14  basis for Ms. Hunt's failure to produce documents.  Many of the documents identified in the log are

15  financial in nature and are not covered by any *carte blanche* privilege under Nevada law.  Additionally,

16  to the extent the stipulated protective order covers any of the proprietary/confidential documents, Hunt

17  should be required to produce those documents.

18  **II.    Defendant Tamra Mae Hunt's Opposition (Dkt. #163)**

19      Hunt asserts Plaintiffs have not made a good faith attempt to meet and confer to resolve these

20  discovery disputes.  She contends they only mailed a letter in September 2010, and this is insufficient to

21  meet the meet and confer obligations imposed on Plaintiffs.  The letter requested a formal meet and

22  confer conference on September 16 or 17, 2010–the day after Plaintiffs faxed their letter.  Hunt

23  contends this request was unreasonable because the parties were in depositions on September 15-17,

24  22-24, 27-28, and October 4-6.  Because these depositions were some of the most significant witnesses

25  in this case, there was insufficient time to conduct a meet a confer.  However, Hunt's counsel

26  responded to Plaintiffs' letter, stating he would review the responses and supplement them if necessary.

27  Shortly thereafter, and without further discussion, Plaintiffs filed their motion to compel.  Plaintiffs'

28  motion should be denied for their failure to comply with LR 26-7.

1    On the merits, Hunt asserts that Plaintiffs requests seek production of documents that are

2    irrelevant and not reasonably calculated to lead to the discovery of relevant evidence.

3         **A.     Personal Financial, Tax, and Accounting Documents**

4    Although tax returns do not enjoy an absolute privilege from discovery, public policy prevents

5    unnecessary public disclosure so that tax laws can function properly, and tax payers are encouraged to

6    file complete and accurate returns.  The court should consider the totality of the circumstances,

7    weighing the value of the material sought against the burden of providing it, discounted by society's

8    interest in furthering the truth-seeking function.  Here, Hunt contends Plaintiffs seek unlimited access to

9    all Hunt's personal financial records without regard to their relevance to the claims and defenses in this

10   case.

11   With the exception of RPDs 23 and 24, Plaintiffs do not identify certain responses with which

12   they take issue.  They state that "virtually every response is either non-responsive or inherently

13   contradictory."  Hunt argues that Plaintiffs have merely cut and pasted their RPDs to all Defendants,

14   and Plaintiffs have overlooked that the Hunt Trust is merely a trust, formed for estate planning purposes

15   by her father.  The Hunt Trust has no documents Plaintiffs are seeking in their discovery requests.

16   With regard to requests 23 and 24, the Hunt Trust has no responsive documents because it never

17   had anything to do with Diversified Construction or Uintah Land Investments, and it had no idea of

18   their existence until this lawsuit was filed.

19   The Hunt Trust was unaware that their was any issue with its privilege log until this motion was

20   filed; the meet and confer letter did not address it.  The Hunt Trust will supplement its log with to and

21   from information for the correspondence even though it is not reasonably calculated to lead to the

22   discovery of relevant evidence.  The information in the log relates primarily to Tamra Hunt and her

23   husband's personal financial information for one to seven years prior to the Asset Purchase Agreement.

24   It has nothing to do with this case.  Tamra Hunt's husband and AllSteel are not even parties to this

25   litigation, and they should not have to produce anything at all absent a subpoena.  There are no

26   allegations of self-dealing against the Hunt Trust or Tamra Hunt.

27   The Hunt Trust believes the reason Plaintiffs are seeking this information is to conduct an

28   improper judgment debtor exam, and Plaintiffs must first obtain a judgment against the Hunt Trust or

8

Tamra Hunt to discover into all of her personal financial information.

### B.   Documents Concerning Unrelated and Irrelevant Entities

Plaintiffs' requests are unrelated to this litigation.  These requests are overly broad because they are directed at non-parties to this litigation (Tim Hunt and AllSteel) and are not limited in time or scope.  Plaintiffs have not stated why this information is relevant, or if they believe these entities are related to the Defendants in this case.

### C.   Joint Defense and Tolling Agreements

Plaintiffs have not stated why any of these agreements are relevant to this litigation, and because they are not relevant, they are not discoverable.

## III.   Leany and Century Defendants' Opposition (Dkt. #157)

Plaintiffs' motion does not contain a certification pursuant to LR 26-7.  Plaintiffs' counsel made no attempt to confer with Defendants concerning RPD 188-199, and their motion to compel supplemental responses to these RPDs should be denied.

The documents Defendants promised to produce under the protective order have either been produced or are already in Plaintiff's possession.  The protective order had not been entered when Plaintiffs filed their motion, but once it was, Defendants produced responsive documents that were covered by the protective order.  PCS already has many of the responsive documents because they are in possession of the Century computers.  Defendants have produced everything in their possession, and they have requested additional documents from a third party and will produce all non-privileged documents they receive.

Todd Leany's personal tax returns are protected because Plaintiffs have not demonstrated that the financial information they seek is relevant and not available from other sources.  Federal case law recognizes a qualified privilege disfavoring the disclosure of tax returns as a matter of general federal policy.  Plaintiffs requests are merely an improper attempt to identify assets to satisfy a non-existent judgment.

Todd Leany's privacy interest in his personal financial records outweighs Plaintiffs' interest in receiving the documents.  Plaintiffs have offered no reasonable justification for requesting Todd Leany's private financial information.  With regard to Plaintiffs' claims that Leany improperly

1  transferred funds to certain entities, they have not identified any such entities or how acquiring the

2  documents would help them identify the entities.  Plaintiffs already possess financial documents

3  relating to the Century entities.

4       With regard to RPDs Nos. 17, 18, and 25-30, which Leany objected to as overly broad, the

5  documents Leany believes are responsive are located on the computer PCS took from Leany, and they

6  have been produced.  With regard to RPD Nos. 26 and 30, additional responsive documents were

7  produced either by Defendants or Sierra (under subpoena).  Defendants have not yet received copies of

8  the Sierra documents.

9       Additionally, the requests are overly broad.  For example, RPD 17 requests documents related to

10  Tamra Hunt, Leany's sister.  This request would cover things like birthday cards.  Defendants asked

11  that these requests be narrowed in a September 24, 2010, letter to Plaintiffs.  Plaintiffs never responded

12  to that request.  Notwithstanding the objection, Defendants believe they have meaningfully responded

13  to Plaintiffs' requests.  They are still willing to discuss a narrowing of the requests.

14       The joint defense and tolling agreements are not relevant to any of the claims alleged, and

15  Plaintiffs have not identified a claim to which they might be relevant.

16       Defendants have determined that there are no documents listed in the May 13, 2010, privilege

17  log that have either not been produced or are listed in the August 26, 2010, log.  The last eight entries

18  on the May log were produced to Plaintiffs at a deposition on June 29, 2010.  Additionally, the August

19  log sufficiently establishes privilege for the documents listed because it contains (a) the attorney and

20  client involved; (b) the nature of the document; (c) all persons who sent or received the document; (d)

21  all persons who received the document or knew of its existence; and (e) the date the document was

22  created.  Defendants feel their privilege log provides sufficient detail.

23       With regard to communications involving Tom Prince, under Nevada law, privilege extends to

24  communications for the purpose of rendering legal services with third parties when those parties share a

25  matter of common interest.  Defendants and Prince are parties to the joint defense and tolling

26  agreements related to this litigation, as well as other lawsuits involving Plaintiffs.  The communication

27  involves legal advice and is privileged.

28  / / /

**IV.    Lynn Leany and the Lynn Leany Trust Opposition (Dkt. #158)**

The Lynn Leany Defendants argue that Plaintiffs served boilerplate discovery requests on all Defendants without considering the claims at issue against the particular Defendants.  The claims against the Lynn Leany Defendants relate solely to the guaranty provision in the APA.

The Lynn Leany Defendants' Opposition is verbatim of Todd Leany's and the Century Defendants' Opposition.

**V.    Plaintiffs' Reply (Dkt. #173)**

On June 22, 2010, the court ruled that with regard to various subpoena seeking production of personal financial records of third parties, "there's a sufficient preliminary showing . . . that they are discoverable within the meaning of Rule 26."

This case is about Defendants' financial and ethical improprieties, and their financial records go to the core issues in this case and are relevant to multiple instances of deception alleged in the Complaint.  Plaintiffs have satisfied their threshold burden of showing relevance.

Although the motion did not contain a certification of counsel pursuant to LR 26-7, it listed Plaintiffs' attempts to resolve the discovery dispute short of court intervention.  Plaintiffs attached a certification of counsel to their reply.

The Complaint involves allegations of self-dealing and stealth movement of funds between various Defendant entities and other entities in which Defendants have an interest.  For example, the APA limited the Sellers' ability to make certain distributions and payments; however, there were distributions to the shareholder, and compensation was paid to a small group of employees.  Second, prior to the close of escrow, the Sellers converted certain deposits in favor of FICEP to a related company without consideration.  Third, on the eve of the APA's closing, Todd Leany loaned $850,000 to a customer, Sierra Reinforcing through intermediate transfers to entities owned by Lynn Leany and his children (Tamra Hunt and Todd Leany). During their depositions, neither Lynn nor Todd Leany were able to provide detail about the money, how it was obtained, from which accounts, the terms of the loan, or when it was repaid.  The reply contains deposition testimony illustrating the contradictory testimony of Lynn and Todd Leany concerning the loan.  The loan to Sierra is troubling because at the time it was made, Todd Leany was a 51% owner of Sierra, and the money was used to purchase

1   property for his competing company, Sierra, while Leany was still employed by Plaintiffs.

2        Leany asserts he sold his ownership interest in Sierra to Tom Prince in December 2008, and this

3   sale will be evidenced on his tax returns.  Plaintiffs have received information from Defendants that

4   Leany received a K-1 from Sierra for 2009, and it was filed in February 2010.  Plaintiffs assert the

5   timing of the sale makes its legitimacy suspect.  His tax returns, and those of the Defendants in general,

6   may substantiate the asserted breaches of Defendants' obligations to Plaintiffs.

7        Plaintiffs reiterate their argument that tax returns are not privileged and enjoy no greater

8   protection than other private financial documents.  They acknowledge that there is a public policy

9   against unnecessary public disclosure of tax returns.  Plaintiffs contend they have no burden to show

10  that the information sought is readily obtainable from other sources, and neither the Ninth Circuit or

11  Nevada has adopted any such standard.

12       Plaintiffs argue the joint defense and tolling agreements are relevant to this action.  They assert

13  that because Defendants did not argue these agreements were privileged in their oppositions, they have

14  waived this objection.  The joint defense agreements raise issues of potential bias, and they raise

15  conflict of interest issues pertaining to defense counsel's recent disclosure of its simultaneous

16  representation of Todd Leany, Tom Prince, and the Century Entities.  Communications with Tom

17  Prince cannot be privileged since Prince is not a co-defendant, and the joint privilege defense extends

18  the attorney-client privilege to other co-defendants.

19       The Lynn Leany Defendants' privilege log was produced to Plaintiffs on the same day they filed

20  their Opposition.  There are still redactions of specific account information, and in light of the

21  protective order, they should be required to produce non-redacted documents.

22       The court should require Todd Leany and the Century Defendants to supplement their August

23  privilege log regarding descriptions of documents and should inquire of counsel regarding their

24  relationship with Tom Prince to determine whether any privilege exists.

25       Plaintiffs argue that Hunt's opposition does nothing to clarify its responses.  If Hunt and the

26  Hunt Trust have no documents, they should say so; if not, they should produce the documents.

27       Having reviewed and considered the matter,

28  / / /

1    **IT IS ORDERED** that Plaintiffs' Motion to Compel (Dkt. #147) is **GRANTED in part** and

2  **DENIED in part**.

3    1.    The motion is **Granted** as follows:

4        A.    Defendant Todd Leany shall supplement his responses to the following RPD:

5            1.    Financial Statements from 2006 to the present responsive to RPD No. 2;

6            2.    Federal tax documents from 2006 to the present responsive to RPD No. 3;

7            3.    Insurance policies or indemnification agreements that may cover claims

8                made in this matter responsive to RPD No. 7.

9            4.    Documents identifying payments, reimbursements, loans, benefits or

10                other revenue received from 2006 to the present responsive to RPD No.

11                9;

12            5.    Accounting records from 2006 to the present responsive to RPD No. 11;

13            6.    Documents concerning bank and brokerage account statements from 2006

14                to the present responsive to RPD No. 13;

15            7.    All banking records and bank accounts Leany has/had access to and

16                signature authority for from 2006 to present responsive to RPD No. 31.

17        B.    Defendant Todd Leany Trust shall supplement his responses and shall provide

18            documents responsive to RPD Nos. 3, 11, 13.

19        C.    Defendant Lynn Leany shall respond to documents responsive to RPD Nos. 2, 3

20            and 13.

21        D.    Defendant Lynn Leany Trust shall respond and produce documents responsive to

22            RPD Nos. 2, 3, 7, 11 and 13.

23        E.    Defendant Calico shall respond and produce documents responsive to RPD Nos.

24            3, 5, 6, 11, 13.

25        F.    Defendant Century Properties shall respond and produce documents responsive

26            to RPD Nos. 3, 6, 11.

27        G.    Defendants Century Steel Holdings shall respond and produce documents

28            responsive to RPD Nos. 3, 6

13

1          H.      Defendant Century Steel, Inc., NV shall respond and produce documents

2                   responsive to RPD Nos. 3, 6.

3          I.       Defendant Century Steel, Inc., UT shall respond and produce documents

4                   responsive to RPD Nos. 3, 6, 11.

5          J.       Defendant Tamara Mae Hunt Irrevocable Trust shall supplement its responses to

6                   RPD Nos. 22, 23 to indicate what documents have been produced that are

7                   responsive to these requests, or indicate that the trust is not in possession of the

8                   documents.

9          K.      Defendant Lynn Leany and the Leany Family Trust shall produce a privileged

10                 document log with respect to documents produced which have been redacted.

11     2.      The Motion is **Denied** in all other respects.

12     3.      Any request for relief not specifically addressed in this order is **DENIED**.

13     4.      The Defendants shall have until **October 31, 2011**, in which to serve the Plaintiffs with

14           supplemental responses compelled by this order.

15    Dated this 29th day of September, 2011.

16

17                                  _____

18                            Peggy A. Leen
                                 United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28