## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PACIFIC COAST STEEL, *et al.,*

                    Plaintiffs,

vs.

TODD LEE LEANY, *et al.,*

                    Defendants.

Case No. 2:09-cv-02190-KJD-PAL

**ORDER**

(Mot. Return of Docs. - Dkt. #160)
(Counter Mot Compel - Dkt. #190)

The court conducted a hearing on November 16, 2010, on Plaintiffs' Motion for Return of Attorney-Client Privileged Documents that were Inadvertently Produced (Dkt. #160) filed October 25, 2010, and Defendants' Countermotion to Compel Eric Benson's Testimony (Dkt. #190) filed November 10, 2010. The court has considered the Motions, Defendants' Opposition (Dkt. #184), Plaintiffs' Reply (Dkt. 188), Plaintiff's Opposition to Countermotion (Dkt. #191), Defendants' Reply to Countermotion, and the arguments of counsel.

**I.  Plaintiffs' Motion for Return of Attorney-Client Privileged Documents That Were Inadvertently Produced (Dkt. #160)**

Plaintiffs seek the return of three documents inadvertently produced to Defendants in discovery along with 2.3 million other pages of documents that are clearly protected by the attorney-client privilege. When the document was presented to a witness at a deposition, Plaintiffs immediately objected to any use of the document and sought the return of it and the others. Plaintiffs concede that some portions of the three documents are not privileged, and redaction and production is required.

/ / /

/ / /

1    Under FRE 502(b), disclosure does not operate as a waiver where (a) the disclosure is inadvertent; (b) the holder of the privilege took reasonable steps to prevent disclosure; and (c) the holder promptly took reasonably steps to rectify the error.

The three privileged documents were inadvertently produced as part of Plaintiffs' initial disclosures and were simply overlooked during the privilege reviews. Plaintiffs assert the precautions undertaken to prevent inadvertent disclosures were reasonable. There were multiple reviews for privilege, and voluminous documents were produced. Counsel for Plaintiffs were not careless. Plaintiffs learned of the inadvertent disclosure at Mr. Benson's deposition on October 6, 2010, and they immediately objected and formally demanded Defendants return the privileged documents. The motion was prepared the day after Defendants refused to return the documents and the same day the court reporter finished preparing the transcript of Mr. Benson's deposition. Where, as here, the production of documents was voluminous and the extent of disclosure is small, courts have held that it is more likely that production of a privileged document was inadvertent. Additionally, it would be unfair to allow Defendants to keep and use the three deposition exhibits because Defendants have not relied on them, and Plaintiffs acted promptly to obtain their return.

The three documents are:

1. Deposition exhibit 318 is a string of three emails. The first, an email between Bud Stoddard (counsel for Defendants during negotiation of the APA) and Julie Sebastian (outside counsel for PCS during negotiation of the APA). This email, dated February 12, 2008, is not privileged.

   The second email, dated October 27, 2009 is from David Perkins, general counsel for PCS, and Julie Sebastian. Eric Benson, president of PCS, was copied on this email. The email involves a discussion of certain provisions of the APA and contains a request by PCS to Ms. Sebastian regarding interpretation of the APA. This email is privileged.

///
///
///

        The third email, dated October 28, 2009, is simply a transmission of the second email to Neil McCullohs, vice president and majority owner of PCS. This email is privileged.

        Plaintiffs contend the second two emails should be redacted.

2.   Deposition exhibit 331 contains two attorney-client communications dated November 5, 2009. In each email, Mr. Perkins is either the sender or the recipient, and there is discussion of legal advice regarding the termination of Todd Leany from PCS. This entire document is privileged, and it should be returned.

3.   Deposition exhibit 345 is a string of five emails. The earliest three emails in time are not privileged. The fourth and fifth emails, dated November 24, 2009, are between David Perkins and Eric Benson regarding possible defenses in this lawsuit. Both the fourth and fifth emails were generated after this lawsuit was filed, and they are privileged and should be redacted.

## II.   Defendants' Opposition to Plaintiffs' Motion for Return(Dkt. #184)

Defendants assert exhibits 318, 331, and 345 do not contain privileged information because the communications were either not made by attorneys, or if made by attorneys, the communications were not made for purposes of providing legal advice, or the privilege was waived because the communications were disclosed to third parties.

Defendants argue that Perkins' direction in exhibit 331 is purely administrative, and no legal advice is sought or being provided. Similarly, no legal advice is sought or given in exhibit 345. Defendants contend that even if portions of 318 are privileged, Plaintiffs have waived that privilege because the email was disclosed to a third party–namely, Benson sent the email chain to McCullohs, who is not an officer or manager of PCS.

Additionally, even if the court finds exhibits 318, 331, and 345 are privileged, Plaintiffs have waived the privilege when they voluntarily produced these emails in discovery more than six months before their motion was filed, and Defendants have relied on these documents in their pre-trial preparation and trial strategy. Defendants argue Plaintiffs produced a large volume of emails without a privilege log. When they did produce a privilege log, it showed they had not reviewed the documents,

3

but instead performed a search to locate privileged documents. Defendants contend Plaintiff's sloppy production shows they did not take reasonable steps to prevent disclosure of privileged communications.

Plaintiffs also waited more than six months after the production to request the documents be returned. Plaintiffs took no action to assert any privilege over the emails until Defendants presented the documents to Benson at his deposition. Additionally, it is not clear that these are the only three privileged emails Plaintiffs produced because during the deposition of Julie Sebastian, Plaintiffs' counsel instructed her not to answer regarding exhibit 352, which was withdrawn as an exhibit from the deposition on the grounds of inadvertent disclosure. Plaintiffs have not raised exhibit 352 in their motion.

Plaintiffs have failed to prove that the communications in exhibits 318, 331, and 345 are privileged. Even if the court finds they are privileged, Plaintiffs have waived the privilege by not objecting to the production for over six months.

**III.     Reply in Support of Plaintiffs' Motion for Return (Dkt. #188)**

Exhibit 318 includes an email from October 28, 2009, between Eric Benson, president of PCS and Neil McCullohs, then vice president of the majority owner of PCS (Gerdau Ameristeel WC, Inc.) and a member of PCS's board of directors, that involves commentary on an earlier attorney-client privileged communication. Exhibit 318 was also identified on Plaintiffs' privilege log, and the documents were also identified in Plaintiffs' opposition (#142) to Defendants' motion to compel as privileged. The opposition was served on Defendants on October 4, 2010–prior to Benson's deposition on October 6, 2010.

Exhibit 331 was also identified on Plaintiffs' privilege log. It is actually listed several times because of the multiple recipients of the email.

Exhibit 345 is listed on Plaintiffs' privilege log. The emails were sent on November 24, 2009–one week after this lawsuit was filed. Plaintiffs' removed them from their final privilege log because of their timing, as they explained in their opposition (#142).

Plaintiffs maintain that the emails are privilege and that they have not waived any privilege.

/ / /

**IV.     Defendants' Countermotion to Compel Benson's Testimony (Dkt. #190)**

In the countermotion, Defendants assert that because Benson was instructed not to answer questions concerning exhibits 318, 331, 332, and 345 during his deposition. Because these documents are not privileged, Defendants should be permitted to retake Benson's deposition concerning the subject matter of these exhibits. Additionally, Defendants want to re-examine Benson regarding Exhibit 340, which contains emails about Benson's yacht. Defendants objected to this line of questioning on the grounds that it was harassing and irrelevant. Defendants contend that Leany did not devote his full time and attention to Plaintiffs' business. Defendants should also be permitted to inquire about Benson's commitment and devotion of time to Plaintiffs' business. Additionally, objecting on the basis of relevance is generally not sufficient grounds to instruct a client to answer.

**V.      Opposition to Countermotion to Compel Eric Benson's Testimony (Dkt. #191)**

Plaintiffs argue the court should deny the countermotion to compel a second deposition of Benson. Plaintiffs argue Defendants did inquire of Benson concerning his commitment to PCS and whether he devoted his full attention to the business when they asked him how much vacation time he took and which countries he visited on vacation. Asking Benson about his yacht is so far out of bounds as to constitute an abuse of the discovery process.

**VI.     Reply in Support of Countermotion to Compel Eric Benson's Testimony (Dkt. #193)**

Defendants are entitled to continue the deposition of Eric Benson at Plaintiffs expense because Plaintiffs' counsel improperly asserted claims of attorney-client privilege and harassments.

Defendants assert the same arguments as in their opposition regarding the exhibits at issue in Plaintiffs' motion to return inadvertently disclosed documents.

They also assert that Plaintiffs' repeated objections prevented Defendants from asking questions about exhibit 340. They argue questions about Benson's yacht are highly relevant to Defendants' ability to defend against Plaintiffs' breach of contract claims. Benson's devotion to PCS as an officer of the company is at issue in this case. Plaintiffs' repeated objections during Benson's deposition prevented Defendants from pursuing this line of questioning.

/ / /

/ / /

Case 2:09-cv-02190-KJD-PAL   Document 335   Filed 09/30/11   Page 6 of 7

Rule 502 became effective September 19, 2008 and provides in pertinent part:

> The following provisions apply, in circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
>
> . . .
>
> b. **Inadvertent Disclosure.** – When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
>
>   1. The disclosure is inadvertent;
>
>   2. The holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
>   3. The holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).
>
> . . .
>
> f. **Controlling Effect of This Rule**. – Notwithstanding Rules 101 and 1101, this rule applies to State proceedings and to Federal court-annexed and Federal court-mandated arbitration proceedings, in the circumstances set out in the rule. And notwithstanding Rule 501, this rule applies even if State law applies the rule of decision.

*Id.*

Pursuant to Rule 502(b), disclosure of attorney-client privileged materials does not operate as a waiver if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took legal steps to rectify the error. In the Ninth Circuit, a totality of the circumstances approach is taken to determine whether "inadvertent" disclosure of privileged information results in a waiver of applicable privileges. *United States ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177 (C.D. Cal. 2001). Factors to be considered in determining whether the disclosure was inadvertent include: (a) the reasonableness of precautions used to prevent inadvertent disclosure; (b) the time taken to rectify the error; (c) the scope of discovery; (d) the extent of the disclosure; and (e) the overriding issue of fairness. *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1045 (D. Nev. 2006), affirmed in part, reversed in part on unrelated grounds, 568 F.3d 684 (9th Cir. 2009). *See also* Fed. R. Evid. 502, Advisory Committee Note (b). As a general rule, the burden of proving inadvertent disclosure is on the party asserting the privilege. *In re*

*Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 407, 417-19 (N.D. Ill. 2006), *supplemented by*, 432 F. Supp. 2d 794 (N.D. Ill. 2006).

The Advisory Committee Note to Rule 502(b) points out that courts are in conflict and have taken three different approaches in deciding whether an inadvertent disclosure of privileged information constitutes a waiver. Prior to the enactment of the amendment to Rule 502, a few courts had found that disclosure must be intentional to waive privilege. Most courts had found a waiver only if the disclosing party acted carelessly, and a few courts had held that inadvertent disclosure of attorney-client or work product information constitutes a waiver without regard to the protections taken to avoid disclosure. The comment to Rule 502(b) states:

> The rule opts for the middle ground: inadvertent disclosure of protected communications or information in connection with a federal proceeding or to a federal office or agency does not constitute a waiver if the holder took reasonable steps to prevent disclosure and also promptly took reasonable steps to rectify the error. This position is in accord with the majority view on whether inadvertent disclosure is a waiver.

Explanatory Note to Rule 502.

Applying these principles, the court finds

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Return of Attorney-Client Pivileged Documents that were Inadvertently Produced (Dkt. #160) is **GRANTED**.
2. Defendants' Countermotion to Compel Eric Benson's Testimony (Dkt. #190) **is DENIED.**

Dated this 29th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge