**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PACIFIC COAST STEEL, et al., | Case No. 2:09-cv-02190-KJD-PAL |
| Plaintiffs, | **ORDER** |
| vs. | (Mtn to Compel - Dkt. #358) |
| TODD LEE LEANY, et al., | (Cntr Mtn to Stay - Dkt. #363) |
| Defendants. | |

This matter is before the court on Plaintiffs' Motion to Compel the Continuation of Deposition of Todd Leany (Dkt. #358). The court has considered the Motion, the Response (Dkt. #362), and the Reply (Dkt. #365), as well as Defendants' Alternative Countermotion to Stay Deposition of Todd Leany Pending Resolution of Defendants' Objection to Magistrate Judge's Order (Dkt. #363), and the Response to the Countermotion (Dkt. #367). No reply was filed, and the time for filing one has now run.

**BACKGROUND**

Early in this lawsuit, Plaintiffs produced a hard drive containing 200,000 e-mail files and over two million documents, including some recreated from Plaintiffs' computer servers in files maintained by Defendant Todd Leany and others. Plaintiffs noticed the deposition of Defendant Leany for May 24 and 25, 2010. On May 20, 2010, Defendants filed an Emergency Motion for Protective Order (Dkt. #82), asserting that many documents Plaintiffs produced were privileged, and Plaintiffs should be precluded from using them in Defendant Leany's deposition and should return them to Defendants. Plaintiffs opposed the motion, asserting the documents were not privileged. Plaintiffs' counsel agreed not to use the disputed documents in Defendant Leany's deposition but wanted to reopen Defendant Leany's deposition if the court denied Defendant's motion. *See* Response (Dkt. #84).

On May 21, 2010, the court entered a Temporary Protective Order (Dkt. #85) precluding the use of the documents during Defendant Leany's deposition. On May 25, 2010, the court conducted a telephonic status conference and determined the parties had not fully met and conferred concerning their disputes about the potentially-privileged documents. The court denied Defendants' motion without prejudice, directing the parties to discuss the matter further. *See* Order, Dkt. #88. Additionally, the court allowed the parties until June 24, 2010, in which to file a status report identifying any remaining disputes. *Id.* Plaintiffs took Defendant Leany's deposition, avoiding discussion of the documents asserted to be privileged, and reserving the right to reconvene the deposition. On July 19, 2010, Defendants filed a Renewed Motion for Protective Order and Return of Privileged Documents (Dkt. #101). The parties briefed the motion, and in an Order (Dkt. #336) entered September 30, 2011, the court denied the Renewed Motion for Protective Order. Defendants filed an Objection (Dkt. #341), which has been fully briefed and is under submission to the District Judge.

**I.      Motion to Compel Continuation of Leany Deposition (Dkt. #358).**

Plaintiffs did not depose Defendant Leany about the documents Defendants asserted were privileged. Plaintiffs acknowledge the discovery cut-off in this case ran on October 4, 2010, but assert they could not have sought the requested relief until now. Plaintiffs seek to re-open discovery for the limited purpose of finishing the deposition of Defendant Leany by asking questions related to the documents Defendants asserted were privileged now that the court has found any privilege was waived. Plaintiffs assert that given the procedural posture of this case, good cause exists to grant their motion.

Defendants respond that discovery closed on October 4, 2010, and dispositive motions were filed and fully briefed in the spring of 2011. Plaintiffs waited two months after the court's ruling on the privilege issue before asking the court to reopen discovery to conclude Defendant Leany's deposition. Additionally, Plaintiffs have not demonstrated good cause for reopening discovery under LR 6-1, LR 26-4, and Federal Rule of Civil Procedure 30(a)(2)(A)(ii). They have not demonstrated why they need to question Defendant Leany about a small number of documents or stated why the court should require the parties to incur the additional costs of a deposition. The simple fact that Plaintiffs could not use the documents in the first deposition does not provide sufficient good cause to reopen the deposition.

/ / /

Plaintiffs have not established how this testimony is not cumulative , and they will have the opportunity to question Defendant Leany about the documents at trial.

In reply, Plaintiffs assert they refrained from asking any questions about the documents during Defendant Leany's deposition, and they reserved 2.5 hours to ask those questions.

**II.     Alternative Countermotion to Stay Continued Deposition (Dkt. #363).**

Defendants request that, to the extent the court is inclined to grant Plaintiffs' motion to continue Defendant Leany's deposition, it should stay the deposition until after the District Judge rules on the Defendants' Objection (Dkt. #341) to the undersigned's Order (Dkt. #336).  Because a reversal of the undersigned's order will moot Plaintiffs' request, the court should stay the continued deposition if it is inclined to allow it to occur.  In response, Plaintiffs incorporate the arguments advanced in their Motion to Compel (Dkt. #358) and Reply (Dkt. #365).

The court finds that Plaintiffs have complied with LR 6-1 and 24-6 in seeking to reopen the deposition of Defendant Leany.  At the time he was originally deposed, Plaintiffs were precluded from questioning Defendant Leany about the documents Defendants asserted were privileged.  It is undisputed that counsel for Plaintiffs indicated he would seek to re-depose or conclude Defendant Leany's deposition if the court found the documents were not privileged in May 2010 when Defendant Leany was deposed.  Plaintiffs are entitled to depose Defendant Leany regarding these documents prior to trial.  However, because Defendants have filed an Objection to the undersigned's Order, and because a number of dispositive motions are under submission, the court will stay Defendant Leany's deposition until after the District Judge has decided the Objection and the dispositive motions.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Compel Continuation of Deposition of Todd Leany is GRANTED if the District Judge sustains the undersigned's Order (Dkt. #336) and DENIED AS MOOT if the District Judge overrules the undersigned's Order (Dkt. #336).
2. If the Objection (Dkt. #341) is sustained, counsel for the parties shall meet and confer to schedule the continued deposition of Defendant Leany within thirty days the District Judge's decision of the parties' pending motions for summary judgment.

3

3. The continued deposition shall be limited to the subject matter of documents withheld as privileged and shall not exceed two hours, exclusive of the comments, arguments, and objections of counsel, if any.

4. Defendants' Alternative Countermotion to Stay (Dkt. #367) is GRANTED. Plaintiffs may depose Defendant Leany if the District Judge sustains the undersigned's Order. The continued deposition shall occur within thirty days after the District Judge decides the parties' motions for summary judgment.

Dated this 13th day of February, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE