UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC COAST STEEL, et al., | ) |
| | ) |
| Plaintiffs, | )   2:09-cv-2190-KJD-PAL |
| | ) |
| vs. | ) |
| | )   **ORDER** |
| TODD LEE LEANY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

    Presently before the Court is Defendant's Objection to Magistrate's Order Denying Defendants' Renewed Motion for Protective Order and For Return of Privileged Documents (#341). Plaintiffs have filed a Response (#349) to which Defendants replied (#364).

    Magistrate Judge Leen's decision (#336) to which Defendants object is made pursuant to the authority of magistrate judges under Local Rule 1B1-3 to hear and finally determine any pre-trial matter not specifically enumerated as an exception in 28 U.S.C. Section 636(b)(1)(A). Accordingly, Defendant's "objection" is more properly denominated an "appeal". The standard for reconsideration of any pre-trial matter finally determined by a magistrate judge is whether the magistrate judge's order is clearly erroneous or contrary to law.

    The Magistrate Judge determined that Defendant Todd Leany did not have a reasonable

expectation of privacy in e-mails he failed to remove or otherwise protect from disclosure after acquisition by Plaintiff of his computer and other assets. The Magistrate Judge further found that Leany waived any privilege he may have had to privileged or other confidential materials by failing to take reasonable means to preserve the confidentiality of the privileged matter. The Magistrate Judge did, however, agree to enforce the Plaintiffs' agreement to return the majority of communications identified in Defendants' privileged document log not relevant to this litigation, and specifically, all of his marital communications and ecclesiastical communications.

Defendants' object to the Magistrate Judge's Order, asserting that it does not acknowledge the correct legal analysis for an employee's reasonable expectation of privacy in personal mail and computer use of company computers, citing In re Asia Global Crossing, Ltd., 322 B.R. 247, 251 (Bankr.S.D.N.Y.2005).

Although the Magistrate Judge did not mechanically repeat each of the factors set forth in Asia Global Crossing, it is evident that she considered them in making her decision. Evidence was adduced upon which the Magistrate Judge could have reasonably determined that Leany was aware or, as a corporate officer of Plaintiff Pacific Coast Steel, should have been aware, that company computers could not be used for purposes inconsistent with his position as an officer of the company, that the company was monitoring employee e-mails, that representatives of the company had the right to access the computer and e-mails and also that he should have been aware of Plaintiff's use and monitoring policies.

The Magistrate Judge also had sufficient basis for determining that the privileges asserted by Leany had been waived. The computer and all of the information on it, had been acquired by Plaintiffs as part of an asset purchase and it cannot be said that Leany had any expectation of privacy in e-mails where he was allegedly working at cross purposes with his duties as an officer of Plaintiff.

1  Accordingly, the Court finds that the Order of the Magistrate Judge (#336) is not clearly
2 erroneous or contrary to law.  The Order is **AFFIRMED**.
3  IT IS FURTHER ORDERED that Defendants' Appeal, improperly denominated as an
4 "objection" is **DISMISSED**.
5  DATED: March 23, 2012

_____
Kent J. Dawson
United States District Judge