UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC COAST STEEL, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TODD LEE LEANY, *et al.*,<br><br>    Defendants. | Case No. 2:09-CV-2190-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Plaintiffs' Omnibus Motion in Limine (#396). Defendant Tamra Mae Hunt filed a response in opposition (#407) to which Plaintiffs replied (#409).

I. Analysis

Plaintiffs have moved to exclude evidence in eleven areas based on Federal Rules of Evidence 401 and 402 (relevance) and 403 (unfair prejudice).

1. Nullification and Guaranty Obligations

Plaintiffs argue that Hunt may present evidence or make arguments designed to elicit sympathy from the jury that she was "only" a guarantor of, and not a party to, the Asset Purchase Agreement ("APA"). Of course, Hunt may not argue that the jury may disregard Hunt's contractual obligations as a "mere guarantor.' However, this does not prevent the parties from accurately

describing the contractual, and other, relationships between the parties.  Nor does it prevent Hunt from asserting the defenses she has preserved.

### 2. The Second Codicil is the Operative Contract & 4. The PCS Note

The Court has already ruled that the Second Codicil ("the Codicil") is the operative agreement in this action.  Hunt may not argue that the APA and not the Codicil is in operation.  Nor may Hunt attack the validity of the Note. However, the Court reminds the parties that the Court did not rule as to the effect of the Codicil.  The Court clearly stated that material issues of fact prevented the Court from deciding whether the Second Codicil "altered or only clarified the profitability determination for works in progress."  Order, Docket No. 371, p.6, l. 22-24.  Additionally, the Court held that:

> This ruling will not, however preclude Defendants from asserting their affirmative defenses which include proximate cause and failure to mitigate damages.  There remain factual issues such as the availability of alternative courses of action, and whether Plaintiffs viewed the Leany conflicts as problem or opportunity.

Order, Docket No. 373, n.1.  The Court will not withhold evidence that is relevant to these issues.

### 3. Third-partys' Financial Condition

Without specific examples and foundation, or lack thereof, this Court cannot rule on this issue. As it just stated, the Court will not withhold evidence that may be relevant to affirmative defenses and motive for the tort claims.  Accordingly, this portion of the motion is denied as moot subject to renewal at trial when such evidence is actually attempted to be introduced.

### 5. Health Issues

As the Court previously noted in the hearing on May 20, 2013, the Court will allow evidence of Defendant Hunt's health if it is relevant to explain an action or course of conduct.

### 6. Evidence of Hunt's Financial Condition

Just as with the issue of the third-partys' financial condition, without specific examples and foundation, or lack thereof, this Court cannot rule on this issue.  As it has stated, the Court will not withhold evidence that may be relevant to affirmative defenses and motive for the tort claims.  The Court will not withhold evidence that is necessary for the jury to understand the relationships and

transactions amongst the parties.  The various agreements, contracts, codicils and notes are all interrelated.  None occurred in a vacuum and it will be necessary for a jury to see the big picture and not isolated and unrelated snapshots to determine what was occurring and why.  Accordingly, this portion of the motion is denied as moot subject to renewal at trial when such evidence is actually attempted to be introduced.

### 7. Evidence of Plaintiffs' and Third Partys' Wealth, Net Worth, Income, Profit Motives, Economic Motives

The Court denies this portion of the motion in limine to the extent that it conflicts with Hunt's claims for the breach of the covenant of good faith and fair dealing and civil conspiracy.  The evidence may also be relevant to Hunt's claims that Plaintiffs and Third-party Defendants had intent and motive contrary to or unfaithful to the purpose of the APA.

### 8. Expert Testimony

Plaintiffs seek to exclude Defendant Hunt's expert witness, Edward McDonough, CPA, suggesting that he failed to discuss damages under the effect of the Second Codicil.  Clearly, McDonough's rebuttal report included analysis of the Second Codicil and discussed two alternative calculations provided by Plaintiff's expert.  Accordingly, the motion to exclude Hunt's expert is denied.

### 9. Evidence of Third-party Defendants' Personal Life

This motion is too vague to resolve.  Plaintiffs or Third-party Defendants may renew the motion upon the introduction of evidence of someone's "personal life."

### 10. Commentary or Evidence on the Absence or Presence of Corporate Representatives or Third-party Defendants

This motion in limine is granted.  Defendant may not comment on or introduce evidence of the absence of any party without prior authorization from the Court.

### 11. Other Claims or Lawsuits

Plaintiffs object to evidence of other lawsuits involving Plaintiffs on relevance and hearsay grounds.  To the extent that Hunt can produce admissible evidence, the Court finds that evidence of

3

litigation or allegations of instances where Plaintiffs attempted to avoid paying seller based on holdback provisions in contracts may be relevant evidence of other acts such as "motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Ev. 404(b). Further relevance or hearsay objections may be renewed at trial.

II.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Omnibus Motion in Limine (#396) is **GRANTED in part and DENIED in part**.

DATED this 30th day of September 2013.

_____
Kent J. Dawson
United States District Judge