# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC COAST STEEL, a Delaware general partnership, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>TODD LEE LEANY, *et al.*,<br><br>　　Defendants. | Case No. 2:09-CV-2190-KJD-PAL<br><br>**ORDER GRANTING MOTION FOR FINDING OF GOOD FAITH SETTLEMENT** |

　　A hearing on Defendants Todd Lee Leany, the Todd Lee Leany Irrevocable Trust, Century Steel, Inc., a Nevada corporation, Calico Construction Supply LLC, Century Steel Holdings, Inc., Century Properties Henderson 18 LLC, and Century Steel, Inc., a Utah corporation (collectively, "Moving Settling Defendants") Motion for Good Faith Settlement (the "Motion") was held on August 27, 2013 at 9 a.m.  James D. Kilroy and Chad R. Fears of the law firm Snell Wilmer, LLP appeared on behalf of Plaintiffs Pacific Coast Steel and San Diego Steel Holdings Group, Inc. ("Plaintiffs").  Joseph S. Kistler of the law firm Hutchison & Steffen, LLC appeared on behalf of the Moving Settling Defendants.  Matthew L. Johnson of the law firm Matthew L. Johnson and Associates, P.C. appeared on behalf of Tamara Mae L. Hunt and the Tamra Mae L. Hunt Irrevocable Trust ("Non-Settling Defendants").  No counsel appeared on behalf of Lynn Leany Family Trust (the

"Non-moving Settling Defendants"), and Non-Moving Settling Defendants took no position on the Motion.

The Court, having considered Moving Defendants' Motion for Good Faith Settlement (#420), Non-Settling Defendants' Limited Opposition to Motion for Finding of Good Faith Settlement (#422), Errata to the Limited Opposition to Motion for Finding of Good Faith Settlement (#423), Notice of Filing (#427), Objection to the Proposed Order (#428), Response to the Objection (#429) and arguments of counsel, enters the following Findings of Fact, Conclusions of Law, and Order.

## FINDINGS OF FACT

1. Plaintiffs entered into a settlement agreement (the "Settlement Agreement") with the Moving Settling Defendants and the Non-Moving Settling Defendants (collectively "Settling Defendants").

2. The Settlement Agreement requires Settling Defendants to execute a $26 million non-recourse promissory note secured by multiple pieces of real property and other property.  In return all contract and tort claims of Plaintiffs against Settling Defendants, and all affirmative claims filed by the Settling Defendants will be dismissed with prejudice with each party to bear their own fees and costs.

3. The amount being paid under the Settlement Agreement by Settling Defendants versus the potential liability of Settling Defendants is fair and adequate.

4. The amount received by Plaintiffs under the Settlement Agreement versus the problems of Plaintiffs securing a judgment and then successfully executing on any judgment secured is fair and adequate.

5. The Non-Settling Defendants receive a substantial benefit as a result of the Settlement, since the Settlement sum of $26 million will offset any judgment entered against the Non-Settling Defendants, whether the judgment is based on tort or contract claims.  The settling parties have represented to the Court that the contract claims are inextricably intertwined with and subsumed in the tort claims of their case.  Further, Non-Settling Defendants have represented that they have

preserved causes of action for indemnity as between defendants. The Court will consider a jury instruction requiring the jury to separate the damages, if any, into tort and other causes of action.

6. There was no allegation presented that the Settlement Agreement was the result of collusion aimed at injuring the Non-Settling Defendants.

7. There was no allegation presented that the Settlement Agreement was procured by fraud.

## CONCLUSIONS OF LAW

1. Unlike the "nominal sum" addressed by the Nevada Supreme Court in <u>Doctors Company v. Vincent</u>, 98 P.3d 681 (Nev. 2004), the settlement sum here – $26 million – is fair, reasonable, and substantial, given Settling Defendants' exposure and the difficulty Plaintiffs face in prevailing on the merits of their claims and successfully executing on any judgment against Settling Defendants that Plaintiffs actually receive.

2. The Settlement Agreement was entered into in good faith pursuant to NRS 17.245.

## ORDER

IT IS HEREBY ORDERED that:

1. The Moving Settling Defendants' Motion for Good Faith Settlement (#420) is **GRANTED**.

2. Any and all claims for indemnification and/or contribution pursuant to NRS 17.245 that could be made by the Non-Settling Defendants against the Moving Settling Defendants are barred.

3. The full amount of the promissory note, $26 million, shall be a setoff or offset against any judgment issued in favor of Plaintiffs and against Non-Settling Defendants, up to the full amount of the said judgment.

DATED this 30th day of September 2013.

_____
Kent J. Dawson
United States District Judge