# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PACIFIC COAST STEEL,

    Plaintiff,

v.

TAMARA MAE L. HUNT, *et al*.,

    Defendants.

Case No. 2:09-CV-02190-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiffs' Bench Brief Regarding Hunt's Continuing Obligations under the Guaranty (#468). Defendants filed a response in opposition (#476).

    Evaluating the guaranty under Delaware law, the Court determines the proper interpretation and construction of contracts as pure questions of law. See O'Brien v. Progressive N. Ins. Co., 785 A.2d 281, 286 (Del. 2001). The plain language of Section 10.16 of the Asset Purchase Agreement ("APA") provides that the guaranty at issue is absolute, unconditional, and continuing. It also expressly provides that the Sellers, i.e. Century Steel, Inc. and affiliates, can modify the guarantor's obligations without notice to or consent of the guarantor. The Court has already held that Century Steel, Inc. and its affiliates agreed to the Second Codicil. See Docket No. 373, p. 15. Hunt's consent to modification within the APA is sufficient to constitute consent to future obligations, whether material or not. Therefore, Hunt's insistence that she cannot be held liable for the profit shortfall

computation of the Second Codicil is inconsistent with the plain language of the agreement she signed.  Furthermore, Hunt's argument that the language of the guaranty, particularly 10.16(b), is vague does not apply to the sections at issue in this action.  Section 10.16(a) is the section that binds Hunt to the Second Codicil: "[Each Owner hereby irrevocably] Consents to all terms, covenants, conditions and agreements heretofore or hereafter made by any Seller with any Purchaser[.]"

Under Delaware law, a "continuing guaranty" is one which is not limited to a single transaction, but which contemplates a future course of dealing, covering a series of transactions, and generally for an indefinite period of time. Cooling v. Springer, 20 A.2d 466, 469 (Del. Super. 1943). Delaware federal courts have predicted that the Delaware Supreme Court would adopt the Restatement (Third) of Surety and Guaranty, section 16, which provides that "a continuing guaranty is a contract pursuant to which a person agrees to be a secondary obligor for all future obligations of the principal obligor to the obligee." See, e.g., Falco v. Alpha Affiliates, Inc., 2000 WL 782011, *5, n. 8 (D. Del. Feb. 9, 2000)(recognizing the enforceability of continuing guaranties and holding that "a continuing guaranty is an offer to guarantee a series of future guaranties, which the primary obligor has not yet entered into."); see also Elysian Fed. Sav. Bank v. Sullivan, 1990 Del. Ch. LEXIS 30, at *13 (Del. Ch. March 1, 1990).  The guaranty at issue is the kind of absolute, unconditional and continuing guaranty that is valid, enforceable and binding under Delaware law.  Therefore, Hunt as guarantor of Century Steel, Inc.'s obligations under the APA, was bound by the Second Codicil and is precluded from presenting evidence or argument inconsistent with this legal holding.

**IT IS SO ORDERED.**

DATED this 14th day of November 2013.

_____
Kent J. Dawson
United States District Judge

2